## 21008

Lonnie HAMILTON, Respondent, v. DANIEL INTERNATIONAL CORP. and Fidelity and Guaranty Insurance Underwriters, Appellants, and State Workmen's Compensation Fund, Respondent.

(257 S. E. (2d) 157)

*Charles E. Carpenter, Jr.,* of *Richardson, Plowden, Grier & Howser,* Columbia, *for appellants.*

*Kenneth M. Suggs,* of *Lee & Suggs,* and *Edward E. Poliakoff,* of *Nelson, Mullins, Grier & Scarborough,* Columbia, *for respondents.*

July 19, 1979.

. NESS, *Justice*.

The issue is whether the respondent, Lonnie Hamilton, a work release prisoner employed by appellant Daniel International Corporation, is eligible for workmen's compensation. The single commissioner, the full commission and the trial court all concluded respondent was entitled to benefits. We affirm.

Hamilton was injured on a Daniel International job site while participating in the prison work release program. He was permitted to enter into a voluntary contract of employment with Daniel, and enjoyed the same salary and working conditions as other Daniel employees. Hamilton lived at a minimum security facility and was transported to and from the job site by a Department of Corrections bus. Respondent received his paycheck directly from Daniel and paid the Department of Corrections a maintenance fee which covered room, board, and transportation.

Code § 42-1-470 (1976), a part of the original Workmen's Compensation Act of 1936, excludes state, county, and municipal prisoners from the receipt of benefits. Until passage of the Work Release Statute in 1966, prisoners who worked did so in prison industries or in public works activities under the control of penal authorities. With the advent of the work release program, however, a prisoner was able to acquire all the rights and liabilities of a private employee. Code § 24-3-20 (1976) states that "the rates of pay *and other conditions of employment* will not be less than those paid and provided for work of similar nature in the locality in which the work is to be performed." (Emphasis supplied.)

We need not decide whether the legislature intended the Work Release Statute to repeal Code § 42-1-470; we need only determine whether Hamilton is entitled to the work-

men's compensation benefits afforded any other Daniel employee.

We conclude Daniel owes Hamilton his workmen's compensation because it is Hamilton's status *vis a vis* Daniel, not *vis a vis* the State, which is determinative. It is the employment relationship which gives rise to the liability for and right to compensation. See *Cooper v. McDevitt & Street Co.,* 260 S. C. 463, 196 S. E. (2d) 833 (1973) ; *Tharpe v. G. E. Moore Co., Inc.,* 254 S. C. 196, 174 S. E. (2d) 397 (1970).

Code § 42-1-130 defines employee as "every person engaged in an employment under any . . . contract of hire . . ." Code § 42-1-140 defines employer as "all public corporations . . . every person carrying on any employment . . ." Code § 42-1-310 provides that all employers and employees in this State are deemed to have accepted the responsibility to pay and receive workmen's compensation.

We recognize the view that prisoners are usually denied compensation for injuries sustained in connection with employment within the prison because they are incapable of making a true contract of hire with the prison authorities. 1B Larson, Workmen's Compensation Law, § 47-31. However, "[t]here has been a greater inclination to find employee status for prisoners when instead of merely working within the prison, they have been lent to other state agencies or even private employers." Id. at p. 8-155.

We hold that because of the employer-employee relationship between Daniel and Hamilton, Daniel is required to provide workmen's compensation benefits to Hamilton. The rationale for the rule generally denying compensation benefits to prisoners is not present here, where Hamilton entered into a private contract of hire with Daniel and was practically indistinguishable from any other Daniel employee. For purposes of his relationship with Daniel, Hamilton transcended his prisoner status and became a pri-

vate employee entitled to workmen's compensation benefits.[1]

The commission and the trial court properly decided the issues presented. The exceptions raised by appellant are either without merit or are not properly before this Court on appeal.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.

---

[1] This view is in accord with that of the Attorney General. See 1975-76 Op.Atty.Gen. No. 4552, p. 423.