431 So.2d 232 (1983)
COURTESY CONSTRUCTION CORPORATION and Self Insured Services, Inc., Appellants,
v.
Steven P. DERSCHA and Division of Workers' Compensation, Appellees.
No. AN-213.
District Court of Appeal of Florida, First District.
May 4, 1983.
Steven Kronenberg, of Adams, Kelley, Kronenberg & Rutledge, Miami, for appellants.
Jerold Feuer, Miami, for appellees.
ROBERT P. SMITH, Jr., Chief Judge.
In this workers' compensation appeal, appellant Courtesy Construction Corporation, the "employer," contends that the deputy commissioner erred in finding that Derscha, the claimant, was Courtesy's employee within the meaning and application of chapter 440 when Derscha was injured while working at Courtesy's construction site. Derscha was a prisoner on work-release status from Miami North Community Correctional Center. Courtesy arranged for Derscha to perform its construction work, transported him to and from the work site and the detention facility, and paid him $1.00 per hour less than the normal rate for other Courtesy employees performing the same work.
The basis for Courtesy's rather remarkable contention is said to be section 944.49(5), Florida Statutes (1981), which provides that "[n]o prisoner compensated under this section shall be considered as an employee of the state or the [Department of Corrections], nor shall such prisoner come within any other provision of the Workers' Compensation Act." But this reference is to compensation paid a prisoner from the Department's Correctional Work Program Trust Fund, § 944.49(3), for work performed by the prisoner for the Department of Corrections or on loan by the Department to another political subdivision of the state, state agency, or state institution, which reimburses the Department of Corrections its advances from the Fund. § 945.11(1), (2), Fla. Stat.; Department of Health & Rehabilitative Services v. O'Neal, 400 So.2d 28, 29-30 (Fla. 1st DCA 1981).
Chapter 440 "applies to all employment unless specifically excluded." University of Florida, Institute of Agricultural Services v. Karch, 393 So.2d 621, 622 (Fla. 1st DCA 1981). Work-released prisoners engaged to work in private enterprise, for compensation *233 paid them by private businesses that are "employers" in every practical sense of the word, are not excluded from chapter 440 coverage.
AFFIRMED.
SHIVERS and WIGGINTON, JJ., concur.