United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 12, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 05-20282
Summary Calendar

_____

THOMAS PALERMO,

Plaintiff-Appellant,

versus

SERGEANT RICKY MILLER; ET AL.,

Defendants,

SERGEANT RICKY MILLER,

Defendant-
Appellee.

-----------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:02-CV-1982
-----------------------------------------------------------------

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

   Thomas Palermo, Texas inmate # 823316, appeals the dismissal with prejudice of his 42

U.S.C. § 1983 civil rights action complaining of the use of excessive force against him in prison.

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although the district court did not specifically address the claims against two of the three defendants, we conclude that the judgment is final and appealable because the district court's judgment reflects an intent to dispose of the entire case in light of Palermo's failure to exhaust administrative remedies. *See Moreau v. Harris County*, 158 F.3d 241, 244 (5th Cir. 1998).

Palermo was required to file a Step 2 grievance in order to exhaust his administrative remedies within the Texas Department of Criminal Justice. *See Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998). The record and Palermo's pleading show that he did not file a Step 2 grievance and that he incorrectly believed it was unnecessary to do so. Exhaustion of remedies is mandatory, "irrespective of the forms of relief sought and offered through administrative avenues." *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003) (quotation marks omitted). We take "a strict approach to the exhaustion requirement," and the district court need not determine whether Palermo pursued his administrative remedies in good faith. *See id*. Under a strict application of the exhaustion requirement, the dismissal of all unexhausted claims was correct, and the judgment of the district court is AFFIRMED.