**Gilberto Chavarria GONZALEZ, Plaintiff–Appellant**

v.

**S. CRAWFORD, Practice Manager–Ellis Unit; Dr. B. Williams; K. Hawkins, Nurse–Ellis Unit; Captain Barnett, Ellis Unit; Warden Kennedy, Head Warden–Ellis Unit; J. Ebne, CSM III–Ellis Unit; Captain Fields, Ellis Unit; Sergeant Poynter, Ellis Unit, Defendants–Appellees.**

No. 10–20398
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 23, 2011.

Gilberto Chavarria Gonzalez, Huntsville, TX, pro se.

Jesse David Hoffman, Assistant Attorney General, Office of the Attorney General, Austin, TX, for Defendants–Appellees.

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Gilberto Chavarria Gonzalez (Gonzalez), Texas prisoner # 1249386, appeals the district court's summary judgment dismissal of his 42 U.S.C. § 1983 complaint, asserting claims that defendants were deliberately indifferent to his medical needs and denied him adequate medical care, for failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a).

We review the district court's grant of summary judgment de novo. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir.2010). Gonzalez was required under § 1997e(a) to exhaust administrative remedies before filing suit. *See* § 1997e(a); *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir.2004). Proper exhaustion is required, meaning that the prisoner must not only pursue all available avenues of relief but must also comply with all administrative deadlines and procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 89–95, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006).

Because Gonzalez conceded in the district court that he did not file a step two grievance, he failed to complete the administrative review process required by the Texas Department of Criminal Justice (TDCJ). *See Johnson*, 385 F.3d at 515. Thus, the district court did not err in granting defendants' motion for summary judgment based on Gonzalez's failure to exhaust administrative remedies. *See Ngo*, 548 U.S. at 93, 126 S.Ct. 2378.

Gonzalez also argues that the district court erred in denying his Rule 60(b) motion. The denial of a Rule 60(b) motion is reviewed for an abuse of discretion. *Johnson v. Diversicare Afton Oaks, LLC*, 597 F.3d 673, 677 (5th Cir.2010); *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir.1981).

Initially, we note that Gonzalez failed to file a separate notice of appeal from the denial of his Rule 60(b) motion. However,

---

because he filed an appellate brief within 30 days of the district court's denial of the motion, Gonzalez's brief serves as the " 'functional equivalent' " of a timely notice of appeal from the denial of Rule 60(b) relief. *See Taylor v. Johnson,* 257 F.3d 470, 474–75 (5th Cir.2001).

Gonzalez specifically argues that based on a statement contained in the TDCJ Offender Orientation Handbook, the TDCJ committed fraud because it informed its inmates that the prison grievance procedure should not be followed if the inmates are asking only for monetary damages, and that statement led him to believe that it was unnecessary to file a step two grievance. The handbook contains no such statement; instead, it provides that if a grievance asks for monetary damages, it may be returned unprocessed to the inmate. Gonzalez was required to exhaust administrative remedies even though he is seeking monetary damages. *See Wright v. Hollingsworth,* 260 F.3d 357, 358 (5th Cir. 2001). His alleged ignorance of the exhaustion requirement, or the fact that he might have misconstrued the language in the handbook, does not excuse his failure to exhaust. *See Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir.1999). Finally, Gonzalez has not shown that he is otherwise excused from exhausting administrative remedies because he has not established that the TDCJ deliberately devised procedural requirements designed to trap him and defeat his claim. *See Ngo,* 548 U.S. at 102, 126 S.Ct. 2378.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.