# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 15, 2013

No. 12-60435

Lyle W. Cayce
Clerk

TIMMY VUNCANNON

Plaintiff

TIPPAH COUNTY

Third Party Plaintiff-Appellant

v.

UNITED STATES OF AMERICA

Defendant

MISSISSIPPI PUBLIC ENTITIES
WORKERS' COMPENSATION TRUST

Third-Party Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Mississippi

Before STEWART, Chief Judge, and SMITH and WIENER, Circuit Judges.
PER CURIAM:

This case asks whether plaintiff Timmy Vuncannon, a county jail inmate, was covered under the Mississippi Workers' Compensation Act ("MWCA") and thus is entitled to compensation benefits for injuries sustained while he was laboring on a work detail program maintained by Appellant Tippah County ("the County"). The incarcerating county and the medical corporation that treated Vuncannon seek reimbursement of medical expenses from Appellee, Mississippi

No. 12-60435

Public Entities Workers' Compensation Trust ("MPE"), the provider of workers' compensation insurance for the County. Concluding as a matter of law that the County had no enforceable contract of hire with Vuncannon, which is a prerequisite to coverage under the MWCA, we AFFIRM the district court's summary judgment in favor of MPE.

## I. FACTS AND PROCEDURAL HISTORY

While he was serving time in the County's jail, Vuncannon labored in a county work program under the sheriff's supervision, for which services he earned $10 per day to be credited "toward any and all charges of F.T.A/cash bonds owed to the county." Vuncannon was seriously injured in a forklift accident while helping law enforcement officials conduct a "drug bust" pursuant to that program.

In his federal court action, Vuncannon asserted both state and federal claims against numerous defendants, all of which have been dismissed. Shelby County Health Care Corporation ("the MED"), owner of the medical facility where Vuncannon was treated for his injuries, filed a complaint in intervention, contending that Mississippi law required the County to pay Vuncannon's hospital bills of more than $640,000. The MED ultimately settled its claims against the County, and, with the County, filed a third party complaint against MPE. The County contended that because Vuncannon was injured while working as a trustee for its jail, he was covered by the MWCA, making MPE liable for reimbursing his medical expenses. MPE countered that it is under no obligation to provide reimbursement because county inmates injured on work detail are not among those covered by the MWCA.

2

No. 12-60435

Both sides moved for summary judgment. Noting an absence of binding authority, the district court concluded that the Mississippi Supreme Court would likely interpret the MWCA strictly and deny coverage in this case. Although conceding that the issue posed a difficult question of state law, the court dismissed the claim against MPE by granting its motion for summary judgment.

The County now appeals that judgment, insisting that statutory provisions excluding *state* inmates from MWCA coverage do not apply to *county* inmates like Vuncannon. MPE responds that the dispositive issue is not whether the exclusion of state inmates extends to county inmates, but whether, when Vuncannon was injured, he qualified as an "employee" under a "contract of hire," as required for him to come within the purview of the MWCA in the first place.

## II.  ANALYSIS

### A.    Standard

We review a grant of summary judgment de novo, applying the same legal standards as do the district courts.[1] Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] When reviewing a summary judgment, we construe all the evidence and reasonable inferences in the light most favorable to the nonmoving party.[3] We are "not limited to the district court's reasons for

---

[1] *United States v. Caremark, Inc.*, 634 F.3d 808, 814 (5th Cir. 2011).

[2] FED. R. CIV. P. 56(a).

[3] *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 234 (5th Cir. 2010).

No. 12-60435

its grant of summary judgment"[4] and "may affirm the district court's judgment on any grounds supported by the record."[5]

## B.     The Mississippi Workers' Compensation Act

Under Mississippi law, compensation "shall be payable for disability or death of an *employee* from injury or occupational disease arising out of and in the *course of employment*, without regard to fault as to the cause of the injury or occupational disease."[6] The law defines an eligible "employee" as "any person . . . in the service of an employer under any *contract of hire* or apprenticeship, written or oral, express or implied . . . ."[7] Mississippi's statutes also specify exclusions that, by their terms, place some classes of inmates outside the MWCA's scope. For example, Mississippi Code § 47-5-417 provides that no inmate, while outside the jail on a state-approved work program, "shall be deemed to be an agent, employee or involuntary servant of the Department of Corrections, the state or any political subdivision thereof[.]" Vuncannon was not a participant in any state-approved work program, however, and the County had not implemented any such program at the time Vuncannon was injured. Likewise, Mississippi Code § 47-5-567—which excludes "inmate[s]" from MWCA

---

[4] *Aryain v. Wal-Mart Stores Tex. LP*, 534 F.3d 473, 478 (5th Cir. 2008).

[5] *Palmer ex rel. Palmer v. Waxahachie Indep. Sch. Dist.*, 579 F.3d 502, 506 (5th Cir. 2009).

[6] MISS. CODE ANN. § 71-3-7 (emphasis added).

[7] MISS. CODE ANN. § 71-3-3 (emphasis added).

No. 12-60435

coverage—applies only to state inmates and thus has no bearing on the status of Vuncannon, who was a county inmate.[8]

The County contends that the absence of an explicit workers' compensation exclusion that applies to Vuncannon is dispositive. But whether an applicable exclusion bars Vuncannon's MWCA eligibility is only of import if Vuncannon is shown to qualify as an "employee" working under a "contract of hire" under the express terms of the MWCA.[9] Mississippi courts have not addressed whether and in what circumstances a county prisoner injured on a work detail is an employee working pursuant to a contract of hire, but the Mississippi Supreme Court has identified the common law features of an employment contract that bear on the question. Required are (1) the consent of

---

[8] The Mississippi legislature adopted the MWCA in the late 1950s, but exempted cities and counties from the class of employers required to provide coverage to their employees. Thus, there was no need to exclude municipal and county inmates under the Act. In 1990, however, the legislature amended Mississippi Code § 71-3-5 to bring counties and municipalities under the provisions of the MWCA, but no coverage exclusion for city and county inmates attended the change. Whether any policy rationale justified excluding state prisoners but not city and county inmates from MWCA coverage is unclear.

[9] The County contends that Vuncannon's eligibility does not actually hinge on his "employee" designation, but rather, on his status as a "workman" or "operative." It cites the portion of the MWCA that defines those *employers* subject to the law and its requirement that five or more "workmen or operatives" regularly be in service. *See* MISS. CODE ANN. § 71-3-5. Whether the County or any other entity was a qualifying employer is not at issue, however; the County has attempted to borrow the operative terminology from the portion of the law concerning covered *employers* and apply it to the portion concerning which *workers* are subject to the law's benefits and burdens. This statutory borrowing contravenes the clear language of the MWCA that renders compensable under the Act only the injuries of "employees." *See* MISS. CODE ANN. § 71-3-7.

5

No. 12-60435

the parties, (2) consideration for the service rendered, and (3) control over the employee.[10]

Based on the undisputed material facts of the instant summary judgment record, we conclude that Vuncannon was not an employee working under a contract of hire within the intendment of the MWCA. At the outset, we note an absence of any express, written contract between Vuncannon and the County. It is true that a worker may be an "employee" covered by the MWCA if his "contract of hire" is either written *or* oral, express *or* implied, so this absence is not dispositive.[11] The County's assertion that an express, written agreement existed, however, finds no support in the record. The County points only to a notice from the sheriff transmitted not to Vuncannon, but to the Tippah County Justice Court, stating that Vuncannon had been placed on a work detail program and credited $10 per day for his labor. Vuncannon never signed this document, however, and it was dated January 26, 2006—the day of his injury and nine days *after* he began working for the County. Neither is it evident from the record that Vuncannon was even aware of that notice, much less that he was given a copy of it or of any other writing explaining the terms and conditions under which he would work.

Any contention that Vuncannon labored under an *implied* contract of hire likewise proves unavailing. First, notwithstanding the dearth of Mississippi case law on point, the Mississippi Attorney General ("AG") has addressed a similar matter. Responding to the question whether a city must carry workers'

---

[10] *Walls v. N. Miss. Med. Cntr.*, 568 So.2d 712, 715 (Miss. 1990). Traditionally, however, these elements are not rigidly applied in workers' compensation cases. *Id.*

[11] *See* MISS. CODE ANN. § 71-3-3.

No. 12-60435

compensation insurance for a convict participating in community service pursuant to the terms of a municipal court order, the AG cited Mississippi Code § 71-3-3 in a 1991 opinion letter which concluded that "a person performing work as part of his sentence for a criminal conviction is not an 'employee' according to [the MWCA's] definition as there is no 'contract of hire.'"[12]

The AG's opinion addressed *mandatory* work required by court order, whereas Vuncannon was alleged to have volunteered for the subject work detail assignment. As noted in a leading workers' compensation treatise, however, state courts typically find mutual assent wanting, not only when "the prisoner has no choice in the matter of working or not working," but also when "the appearance of free choice is belied by the presence of a residual right of compulsion."[13] Although the parties dispute whether Vuncannon in fact volunteered to work, his consent is at best illusory when examined against the backdrop of Mississippi's long-held practice of *requiring* convicts to work. Under Mississippi law,

> [i]t is the imperative duty of the board of supervisors in each county in this state to require each convict sentenced to imprisonment in the county jail and the payment of a fine and costs, or to imprisonment and payment of costs, or to payment of fine and costs, to work out the sentence on the county convict farm or on the public roads or other public works of the county, or in a contiguous county[.][14]

---

[12] Miss. Office of Att'y Gen., Op. Ltr., 1991 WL 578135 (Miss. A.G. November 20, 1991).

[13] *See* 3-64 ARTHUR LARSON & LEX K. LARSON, LARSON'S WORKERS' COMPENSATION LAW § 64.03 (2012) (hereafter, "LARSON'S") (collecting cases).

[14] *See* MISS. CODE ANN. § 47-1-3.

7

No. 12-60435

That Vuncannon, like any Mississippi inmate, was entitled to credit for his labors[15] does not change the fact that the County simply could have required him to work.

Further, although coverage under the MWCA usually "is not affected by the fact that an employee's wages are minimal,"[16] courts nationwide have looked to whether the inmate labored alongside, and under circumstances substantially similar to, traditional workers in determining workers' compensation eligibility.[17]  There might be "little justification in freeing [a private] employer from the burdens of the prisoner's work-related injury"[18] when, for example, the prisoner works outside the prison pursuant to a work-release program.  But, Vuncannon suffered injury while working under the supervision of the country sheriff for the benefit of the Mississippi Bureau of Narcotics, a public entity.  He received only a $10 per day credit "toward any and all charges of F.T.A/cash bonds owed to the county"—a meager sum well below the prevailing wages

[15] *See* MISS. CODE ANN. § 47-1-15, 47.

[16] *See Mathis v. Jackson Cnty. Bd. of Supervisors*, 916 So.2d 564, 570 (Miss. Ct. App. 2005) (citing *Sullivan v. Okolona*, 370 So.2d 921 (Miss. 1979)).

[17] *See S. Tucson v. Indus. Comm'n*, 156 Ariz. 543, 549 (Ariz. Ct. App. 1988) (recognizing trend to require compensation for prisoners whose work was indistinguishable from that performed by other employees).

[18] LARSON'S, *supra* note 7, § 64.03; *see also, e.g.*, *Benavidez v. Sierra Blanca Motors*, 122 N.M. 209, 215 (N.M. 1996); *Hamilton v. Daniel Int'l Corp.*, 257 S.E.2d 157, 158 (S.C. 1979) (finding that inmate injured while on work-release acquired the rights and liabilities of a private employee because he voluntarily entered into an employment contract and enjoyed the same salary and working conditions as other employees such that he "transcended his prisoner status and became a private employee entitled to work[ers'] compensation benefits"); *Courtesy Constr. Corp. v. Derscha*, 431 So. 2d 232, 232-33 (Fla. Dist. Ct. App. 1983) (finding workers' compensation applicable to work-release prisoners engaged to work in private enterprises, since those businesses, in paying for the inmate labor, become "'employers' in every practical sense of the word").

No. 12-60435

earned by traditional public-sector workers, and not in cash at that. Perhaps most importantly, as Mississippi law saddles the incarcerating county with the burden of paying an indigent inmate's hospital bills,[19] it is the County, and not Vuncannon himself, that is likely to be stuck with the hospital costs. Of course, absent workers' compensation, a typical county worker in Mississippi would have no such recourse against his employer for injuries sustained on the job—casting doubt on the necessity and practical import of providing such coverage for inmates.

We note in closing that if the County had bargained successfully with MPE for coverage of its working inmates, it would be entitled to the benefit of that bargain, regardless whether the MWCA in fact *required* the County to maintain that coverage. The record, however, includes neither evidence nor allegation that any such bargaining occurred. It follows that the County has not been deprived of any payment to which it is entitled.

## III. CONCLUSION

Because, at the time of his injury, Vuncannon was not working for the County under a contract of hire, he did not fall within the ambit of the MWCA. Thus, the County's workers' compensation insurance did not cover Vuncannon's

---

[19] *See* MISS. CODE ANN. § 47-1-59 ("[I]f the prisoner is ineligible for state aid or the amount available for hospitalization as a state aid patient is inadequate to pay all such hospital expense of a prisoner who is financially unable to pay his own expenses, the board of supervisors of the county where the prisoner was originally confined or arrested shall, upon presentation of the certificate of the physician certifying that said prisoner was in need of hospitalization, pay from the general funds of the county the reasonable and customary charges for such services or as much thereof as is not paid by state aid.").

No. 12-60435

medical expenses.    We therefore AFFIRM the district court's judgment dismissing the third party plaintiffs' claims against MPE.