# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-11259
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 3, 2014

Lyle W. Cayce
Clerk

FREDERICK O. OPIYO,

Plaintiff-Appellant

v.

TIMOTHY MUSGRAVE, Supervising United States Probation Officer; MONICA VILLEGAS, United States Probation Officer; MONA HERNANDEZ, United States Postal Inspector; UNKNOWN AGENT, United States Postal Inspector; TWO UNKNOWN AGENTS, United States Marshals,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-cv-582

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Frederick O. Opiyo, federal prisoner # 39194-039, appeals the district court's dismissal, under 28 U.S.C. § 1915A(b)(1), of his civil rights action brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Opiyo challenged the actions of the defendants

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11259

in relation to a search and seizure of property, Opiyo's arrest, his guilty-plea conviction of uttering and possessing a forged security, and the revocation of his supervised release.

Opiyo contends that the district court erred by dismissing his complaint. Specifically, he asserts the district court wrongly concluded that all of Opiyo's claims implicated the validity of his conviction and revocation, and that Opiyo failed to show that either his conviction or the revocation had been reversed or expunged as required by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Although Opiyo is correct that a claim of "unlawful arrest, standing alone, does not *necessarily* implicate the validity of a criminal prosecution following the arrest;" *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) (emphasis in original); a judgment in favor of Opiyo here, concluding that his arrest was unconstitutional, would imply the invalidity of both the conviction and the revocation which resulted from the offense for which Opiyo was arrested. *See Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995).

Further, although Opiyo asserts that his challenges to the search and seizure would not suggest that his conviction and the revocation were invalid, he states that the remedy for the constitutional violation alleged would be suppression of the resulting evidence. He alleges no facts indicating that, contrary to the district court's conclusion, suppression of that seized evidence would *not* lead to the conclusion that the conviction was invalid, and has thus shown no error in the district court's conclusion that *Heck* barred this claim as well. *See Heck*, 512 U.S. at 486-87; *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). Opiyo's conclusory assertions that his claims of failure to disclose exculpatory evidence, retaliatory prosecution, civil conspiracy, supervisory liability, unlawful destruction of property, and malicious prosecution of the supervised release revocation did not call into question the validity of his

No. 13-11259

conviction and the revocation are insufficient to show error. *See Hebert v. United States*, 438 F.3d 483, 488 (5th Cir. 2006).

Opiyo argues that the district court should have stayed the proceedings pending the outcome of his motions for certificates of appealability in this court. In light of the resolution of those motions, this claim is moot. Even were the claim not moot, however, Opiyo's discussion of the Federal Rules of Appellate Procedure and case law regarding injunctions is not relevant to his claim and his reliance on *Lewis v. Beddingfield*, 20 F.3d 123 (5th Cir. 1994), is misplaced. *Lewis* analyzed federal court interference with pending state criminal proceedings, as barred by the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). 20 F.3d at 125. This action, based on Opiyo's federal conviction and revocation, does not raise such concerns and Opiyo has failed to show error in the absence of a stay.

Opiyo additionally challenges the district court's denial of his motion to recuse the district judge and magistrate judge, arguing that the judges' rulings against him in his criminal and post-conviction matters reveal their bias against him. These rulings do not exhibit the high level of animosity which would render a fair judgment impossible. *See United States v. Mizell*, 88 F.3d 288, 299 (5th Cir. 1996); *Liteky v. United States*, 510 U.S. 540, 555 (1994). The district court acted within its discretion in denying the motion to recuse. *Mizell*, 88 F.3d at 300. The same failure to demonstrate bias is fatal to Opiyo's challenge to the transfer of venue in this matter. The district court acted within its discretion in transferring the matter, in the interests of justice, to a division in which the action may have been brought. *See* 28 U.S.C. § 1404(a); *Broussard v. State Farm Fire & Cas. Co.*, 523 F.3d 618, 631 (5th Cir. 2008).

No. 13-11259

The judgment of the district court is affirmed. Its dismissal of Opiyo's complaint for failure to state a claim counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Opiyo is cautioned that if he accumulates three strikes he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.