# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10247

United States Court of Appeals
Fifth Circuit

**FILED**
April 10, 2015

Lyle W. Cayce
Clerk

PAUL CURTIS LEGGETT,

Plaintiff - Appellant

v.

OFFICER GLADYS LAFAYETTE,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CV-155

Before JOLLY and DENNIS, Circuit Judges, and RAMOS*, District Judge.

PER CURIAM:**

Paul Curtis Leggett brought suit pursuant to 42 U.S.C. § 1983 against various jailers, including Officer Gladys Lafayette. The district court entered a final order granting partial summary judgment for the defendants as to all claims except one claim of mail tampering against Lafayette. Leggett did not appeal from that judgment. Lafayette moved for summary judgment on the remaining claim, arguing that Leggett failed to exhaust the jail's

---

* District Judge of the Southern District of Texas, sitting by designation.

** Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

administrative grievance procedures before filing suit, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).   Leggett countered that those procedures were not "available" to him because the jail failed to timely provide him with a copy of the jail's inmate handbook, which described the grievance process.   The district court credited Lafayette's evidence that Leggett had in fact received the inmate handbook at booking and granted summary judgment for Lafayette.   For the reasons set out below, we AFFIRM summary judgment for Lafayette and DENY Leggett's pending motion for appointment of counsel.

## BACKGROUND

Proceeding *pro se* and *in forma pauperis*, Leggett, a former inmate of the Tarrant County Correctional Center, filed a complaint pursuant to 42 U.S.C. § 1983 against three employees of the jail, including Officer Lafayette.  In his complaint, Leggett alleged that Officer Lafayette—the jail's mail room officer—opened his mail and removed contents that caused a disruption in his application for disability benefits with the Veterans Administration ("VA"). Specifically, Leggett alleged that Officer Lafayette removed a pre-paid envelope that was enclosed in his mail.  Leggett further alleged that other officers did not allow him to use the copier in the library and were responsible for his watch and rings disappearing from his prison bin.  Leggett sought compensation for his interrupted disability application and the loss of his jewelry.

The district court issued an opinion and order of partial dismissal under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii).  The court determined that Leggett could proceed with his claim against Officer Lafayette for disrupting his mail, but concluded that Leggett failed to allege a constitutional violation against the other officers.  Thus, the district court dismissed all of

No. 14-30883

Leggett's § 1983 claims, except for his claim against Officer Lafayette, and entered a final judgment under Federal Rule of Civil Procedure 54(b) as to the dismissed claims.

Officer Lafayette subsequently filed a motion for summary judgment on the remaining claim, arguing that Leggett had failed to exhaust his administrative remedies, as required by the PLRA. Although Leggett filed an initial grievance regarding the removal of the stamped, pre-addressed envelope, there was no evidence that he made use of the jail's appeals process before commencing the instant action. In support of her summary judgment motion, Lafayette submitted evidence that all inmates receive a copy of the inmate handbook upon being booked in the jail and that copies of the handbook are widely available to prisoners in the confinement areas of the jail. The inmate handbook sets forth the jail grievance process, which includes filing an initial grievance; appealing the initial grievance to the Grievance Appeal Board; and then appealing to the sheriff within five days of receiving the Grievance Appeal Board's decision. Officer Lafayette also offered evidence indicating that Leggett had signed a form acknowledging his receipt of the handbook at booking and subsequently signed other documents that referenced the handbook.

In response, Leggett offered his own signed declarations stating that he did not receive an inmate handbook at the time he was booked into the Tarrant County Correctional Center. Leggett explained that at the time of his booking, he was placed on suicide watch, was given only a paper uniform to wear, and was not given any documents. He thus contended that he should not be held accountable for failing to exhaust the jail's administrative remedies.

The district court rejected Leggett's claim that he did not receive a copy of the inmate handbook and was, therefore, unaware that he was required to

No. 14-30883

appeal the denial of his initial grievance.  The district court thus issued an order granting Lafayette's motion for summary judgment.  Leggett subsequently filed a motion for appointment of counsel, as well as a timely notice of appeal.

## ANALYSIS

### I.

The district court initially dismissed all of Leggett's claims except for his claim against Lafayette based on her interference with his mail.  The district court entered final judgment on those other claims under Federal Rule of Civil Procedure 54(b) and Leggett did not appeal from that judgment.  Although Leggett reasserts those claims in his brief on appeal, we lack jurisdiction to consider them now.  *See, e.g.*, *Meadaa v. K.A.P. Enters., L.L.C.*, 756 F.3d 875, 879 (5th Cir. 2014) ("A proper Rule 54(b) judgment is a final judgment for all purposes on the adjudicated claims." (internal quotation marks omitted)).

### II.

The principal issue on this appeal is whether Lafayette was entitled to summary judgment because Leggett failed to exhaust administrative remedies prior to filing suit in federal court.  The PLRA states that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  Whether administrative remedies were "available" is a question of law, but the resolution of that question sometimes turns on questions of fact.  *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).  "We review *de novo* a district court's dismissal of a § 1983 suit for failure to exhaust administrative remedies." *Alexander v. Tippah Cnty., Miss.*, 351 F.3d 626, 629 (5th Cir. 2003).  Here, Leggett offered three signed declarations stating that

he was not notified of the grievance process until after the limitations period for appealing his grievance had passed, because the jail did not provide him with an inmate handbook until approximately a year after he entered the jail. Leggett's declarations constitute competent summary-judgment evidence and the district court erred in failing to credit them. *See Ion v. Chevron USA, Inc.*, 731 F.3d 379, 382 n.2 (5th Cir. 2013); *see also Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (per curiam). Thus, the district court erred when it concluded that Leggett had failed to create a fact dispute regarding the timing of his receipt of the inmate handbook. That fact dispute is immaterial, however, if it does not excuse Leggett's failure to exhaust administrative remedies. *See Dillon*, 596 F.3d at 268.

The issue is whether the jail staff's failure to provide Leggett with an inmate handbook at the relevant time rendered the jail's administrative grievance procedures "unavailable," thereby excusing Leggett's failure to exhaust them. *See id.* The best case favoring Leggett's position is *Dillon v. Rogers*. There, Dillon was transferred to a temporary jail following Hurricane Katrina. *Id.* at 265. Dillon was allegedly beaten and mistreated by guards at the temporary facility, resulting in hearing loss and other injuries. *Id.* Dillon later filed suit under § 1983, alleging civil rights violations, but the district court granted the defendants' motion to dismiss because Dillon had failed to exhaust administrative remedies. *Id.* On appeal, Dillon explained that he did not file a grievance once he had been transferred to a permanent facility because he was told by a corrections officer and inmate counsel that he could not file a grievance for abuse that he suffered at a different facility. *Id.* at 267. The *Dillon* court noted that this circuit adheres to a "strict" approach to the exhaustion requirement, refusing to accept mere "substantial compliance" with administrative procedures, but also stated that we had "long recognized the

importance of ensuring that inmates have avenues for discovering the procedural rules governing their grievances." *Id.* at 268. We sent the case back to the district court for discovery after concluding that we could not "determine whether administrative remedies were 'available' for Dillon" because there was no evidence as to what Dillon knew or could have discovered about the grievance process, what the process entailed (the record did not contain a copy of the inmate handbook), or whether "emergency procedures" suspending consideration of grievances from transferred inmates were in force at the relevant time. *Id.* at 267, 269.

Like in *Dillon*, the record in this case does not conclusively establish what Leggett knew about the administrative grievance procedures. Unlike in *Dillon*, however, the key portions of the inmate handbook are contained in the record and the uncontested evidence indicates that copies of the handbook were readily available to inmates in the confinement areas of the jail (to which Leggett had access). Furthermore, there is no suggestion that anyone ever misled Leggett about the grievance process or attempted to dissuade him from making use of it. The summary-judgment evidence establishes that Leggett had "avenues for discovering the procedural rules governing [his] grievances." *Id.* at 268. Thus, even if Leggett was subjectively unaware of the procedures, the record sets out the substance of those procedures and indicates that the information was available to Leggett.

Several of our unpublished cases also indicate that although Leggett did not receive a copy of the inmate handbook at booking, that fact did not render the jail's administrative grievance procedures unavailable. In *Manemann v. Garrett*, for example, we concluded that the plaintiff prisoner was unaware of the jail's grievance policy but affirmed the district court's dismissal for failure to exhaust because the record indicated that the jail had a grievance policy and

No. 14-30883

there was no evidence that the plaintiff "ever asked for information about filing a grievance and was refused such information or was given incorrect information." 484 F. App'x 857, 858 (5th Cir. 2012); *see also Huff v. Neal*, 555 F. App'x 289, 296 n.6 (5th Cir. 2014) (concluding that grievance procedures were available where inmate "could have discovered" deadline for filing a formal complaint); *Gonzalez v. Crawford*, 419 F. App'x 522, 523 (5th Cir. 2011) ("[Plaintiff prisoner's] alleged ignorance of the exhaustion requirement, or the fact that he might have misconstrued the language in the handbook, does not excuse his failure to exhaust."); *Palermo v. Miller*, 196 F. App'x 234, 235 (5th Cir. 2006) (upholding dismissal of prisoner's § 1983 claim for failure to exhaust where prisoner mistakenly believed it was unnecessary to file a Step 2 grievance).

Even if Leggett was not informed of the relevant grievance procedure, uncontested record evidence indicates that a specific grievance procedure was in place at the time, its contours were knowable, and no one attempted to dissuade Leggett from using it. As a result, although the district court erred in rejecting Leggett's evidence that he did not receive an inmate handbook at booking, summary judgment for Lafayette was nevertheless appropriate. *See Vuncannon v. United States*, 711 F.3d 536, 538 (5th Cir. 2013) ("We are not limited to the district court's reasons for its grant of summary judgment and may affirm the district court's judgment on any grounds supported by the record." (quotation marks omitted)).

**III.**

Leggett briefly argues that the district court failed to respond to his "motion to amend judgment," in which he noted deficiencies in some of Lafayette's summary-judgment evidence. The district court struck Leggett's motion because it did not include a completed certificate of service as required

No. 14-30883

by Federal Rule of Civil Procedure 5(d), or a certificate of conference or inability to confer as required by local rules. We have previously affirmed a district court's decision to strike a motion for failure to include a certificate of service. *See Victor F. v. Pasadena Indep. Sch. Dist.*, 793 F.2d 633, 635 (5th Cir. 1986). The district court did not abuse its discretion by striking Leggett's motion for that reason here. *See United States v. Jett*, 48 F.3d 530 at \*1 (5th Cir. 1995) (unpublished).

## IV.

Lastly, we consider Leggett's pending motion for appointment of counsel in the instant appeal. Appointment of counsel in a § 1983 case is warranted if the case presents "exceptional circumstances." *Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988). This case turns on a straightforward application of the PLRA's exhaustion requirement. The district court did not abuse its discretion in denying Leggett's requests for counsel and we will not appoint counsel now. *See id.*

## CONCLUSION

For these reasons, we AFFIRM the district court's grant of summary judgment and DENY Leggett's renewed motion for appointment of counsel.