# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-30845
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 1, 2015

Lyle W. Cayce
Clerk

MARK HANNA,

Plaintiff-Appellant

v.

DEPUTY BRAD ANDERSON, Commission #1254; DEPUTY BONACCI, Commission #1156; DEPUTY GOLDEN, Commission #1207; DEPUTY BEAN, Commission #1290; SHERIFF OF BOSSIER PARISH; DEPUTY BOWLES, Commission #403; RODNEY BOYER; CHARLES GRAY,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:12-CV-494

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

Mark Hanna, former Louisiana prisoner # 132872/1387, appeals the district court's summary judgment dismissal of his 42 U.S.C. § 1983 action, wherein he alleged that the defendants violated his constitutional rights by using excessive force. The district court based its ruling on Hanna's failure to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30845

exhaust his administrative remedies pursuant to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). In this court, Hanna raises the issues below and seeks en banc consideration of his appeal.

First, Hanna challenges the summary judgment dismissal of his § 1983 action for failure to exhaust. It is undisputed that Hanna did not exhaust his administrative remedies. Hanna, however, contends that he was excused from exhausting such remedies because he was released from the Bossier Parish Correctional Center (BPCC) about 16 hours after the alleged excessive force incident and re-incarcerated about five months later at a different facility. Additionally, he contends that he could not have filed his grievance before his release from the BPCC because, during the hours after the alleged incident, he did not have access to any writing materials or the inmate handbook; his copy of the inmate handbook was confiscated when he was released from the BPCC; he never returned to the BPCC; he filed his § 1983 complaint months later during his incarceration at a different facility; the language in the BPCC was written in such a way that led him to believe that released prisoners did not have to file a grievance; the remedy was thus unavailable to him even though he was generally aware that the remedy existed at the BPCC; and only a jury should decide whether exhaustion has occurred.

District courts may act as the factfinder and resolve disputed facts concerning exhaustion without the participation of a jury. *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010). Hanna's claims are unavailing given that he received a copy of the inmate handbook, which contained the BPCC's grievance procedure; was generally aware of the procedure, which included a section addressing discharged prisoners; and made no effort at all to file a grievance. *See Williams v. Henagan*, 595 F.3d 610, 618-19 (5th Cir. 2010);

*Ferrington v. La. Dep't of Corrs.*, 315 F.3d 529, 532 (5th Cir. 2002); *Gonzalez v. Crawford*, 419 F. App'x 522, 523 (5th Cir. 2011).

Hanna further contends that the exhaustion requirement is unconstitutional and that the BPCC exhaustion requirement is problematic because it vests prison officials with discretion to receive and process grievances when these officials have an incentive to undermine the grievance proceeding.  We decline to consider these claims.  *See Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001); *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

Second, Hanna challenges the denial of his discovery motions.  He argues that he was entitled to the documents he sought; the denial of the motions constituted error; the magistrate judge exceeded the authority provided under Federal Rule of Civil Procedure 72 in ruling on the discovery motions; the denial of the motions was the result of judicial bias and constituted an abuse of discretion; and the defendants provided inadequate reasons for seeking to limit discovery.  Because Hanna has not shown that the requested discovery would create a genuine dispute as to any material fact regarding the exhaustion issue, there was no abuse of discretion in the denial of his discovery motions.  *See Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010).  Hanna's claim regarding the magistrate judge's consideration of his discovery motions is likewise unavailing.  *See* FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1018 (5th Cir. Unit A June 1981).

Third, Hanna argues that, in denying his motion to change venue, the district court erroneously emphasized issues such as the convenience of the parties and determining whether there was another venue where his § 1983 action might have been brought rather than focusing on assisting him with

finding an unbiased tribunal. As proof of the bias against him, Hanna discusses various adverse rulings during his § 1983 proceedings. His assertions are insufficient to show an abuse of discretion. *See Liteky v. United States,* 510 U.S. 540, 555 (1994); *Opiyo v. Musgrave*, 574 F. App'x 491, 493 (5th Cir.), *cert. denied*, 135 S. Ct. 880 (2014).

Fourth, Hanna challenges this court's denial of his petition for mandamus. Hanna presented his mandamus request in an earlier, original proceeding in this court. One panel of this court cannot overrule another panel's decision "in the absence of an intervening contrary or superseding decision by this court sitting en banc or by the United States Supreme Court." *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999). As there has been no intervening Supreme Court decision or en banc ruling, Hanna cannot challenge the earlier panel's ruling in his instant appeal.

Fifth, Hanna requests en banc consideration of his appeal. Because Hanna has not complied with this court's rules regarding petitions for hearing en banc or satisfied the standard for an en banc hearing, his request is DENIED. *See* 5TH CIR. R. 35.2; FED. R. APP. P. 35(a), (b).

In light of the foregoing, the judgment of the district court is AFFIRMED.