Opinion for the court filed by Circuit Judge PROST. Concurring opinion filed by Circuit Judge REYNA.
PROST, Circuit Judge.
Raylon, LLC (“Raylon”) brought three suits against, inter alia, Complus Data Innovations, Inc. (“Complus”), Casio America, Inc. and Casio Computer Co., Ltd., (collectively “Casio”), and Symbol Technologies, Inc, (“Symbol”) (collectively, “defendants”) in the Eastern District of Texas. Raylon alleged that all defendants infringe claims 1-17 of U.S. Patent No. 6,655,589 (“'589 patent”). The district court consolidated the three suits. After a combined hearing, the court adopted defendants’ claim construction, granted summary judgment in their favor, and denied their motions for Rule 11 sanctions. The district court also denied defendants’ motions for attorneys’ fees and costs under 35 U.S.C. § 285, citing its Rule 11 decision. Defendants appeal the denial of sanctions and attorneys’ fees. For the reasons set forth below, we affirm in part, vacate in part, and remand for further proceedings.
Background
Raylon is the assignee of the '589 patent, which is directed to a hand-held identification investigating and ticket issuing system. The object of the invention is to provide an affordable, durable system that reduces the amount of time a user spends identifying and issuing tickets to individuals and allows the user to maintain visual contact with the individual throughout the identification and ticketing process. '589 patent col.2 ll.64-65; col.3 ll.34-48. The system is described as containing a housing within which there is an input assembly for entering data, an elongated slot for receiving identification forms that have a. magnetic tape, an elongated aperture for access to the housing’s interior, a transceiver assembly to communicate remotely with a computer, a printer assembly for printing tickets, and a display that “is pivotally mounted on the housing for displaying data entered into the input assembly.” See, e.g., '589 patent Abstract; col.1 ll.26— 40; col.1 ll.66-co1.2 1.14; col.3 ll.18-33. Figure 1 is a schematic perspective of the system:
*1364 [[Image here]]
With reference to Figure 1, the preferred embodiment’s display 39 “may be pivotally mounted on the housing 12 and may be positioned generally adjacent to the first end 13 of the housing 12.” Id. col.5 ll.58-61. Claim 1 is representative of the patented system:
1. A system for investigating an identification of a person and for issuing tickets, the identification comprising a card having a computer readable magnetic tape secured on the card, the computer readable magnetic tape containing pertinent data relating to the person displayed on the identification card, said system being connectable to a computer for transmitting data between said system and the computer, said system being connectable to a data cable of a computer, said system comprising:
a housing having an interior, said housing having an elongated slot for selectively receiving the identification card, said housing having an elongated aperture providing access into said interior of said housing;
an input assembly for inputting data about a person, said input assembly being mounted on said housing, said input assembly including a data reading means for reading the computer readable magnetic tape on the identification card;
a transceiver assembly for remotely communicating with a computer, said transceiver assembly being mounted in said interior of said housing;
a display for displaying data entered into said input assembly, said display being pivotally mounted on said housing;
a printer assembly being mounted in said interior of said housing for printing a ticket; and wherein said printer assembly includes
a substrate for receiving indicia, said substrate including an end ex *1365 tendable through said elongated aperture in said housing,
a printer means for printing indicia on said substrate, and
means for advancing said substrate with respect to said printer means such that substrate is advanced though said elongated aperture in said housing when said printer means prints indicia on said substrate.
Id. col.7 ll.9-44 (emphasis added). Independent system claims 16 and 17 also recite a “display being pivotally mounted on said housing” limitation. Id. col.8 ll.55-57; col.9 ll.20-22.
In 2009, Raylon filed three suits in the U.S. District Court for the Eastern District of Texas against software integrators and product component manufacturers of various ticket-writing and enforcement handheld devices, including Complus, Casio, and Symbol. In each suit, Raylon asserted that defendants’ devices directly infringe claims 1-17 of the '589 patent literally and under the doctrine of equivalents, that defendants induce others to infringe, and that defendants contributorily infringe all claims of the '589 patent. Defendants moved to dismiss, for judgment on the pleadings, or for summary judgment; the court denied or postponed these motions pending claim construction.
During the spring of 2010, Casio and other defendants sent several letters to Raylon, expressing their concerns that Raylon’s complaints violated Rule 11(b)(2) and Rule 11(b)(3) because, inter alia, Raylon’s claim construction positions were unsupportable by intrinsic evidence and its infringement positions with regards to the display, magnetic strip reader, and printer elements of the asserted claims were unreasonable. Raylon disagreed, maintaining that the patent supported a broad claim construction and that the accused products infringed each and every claim of the '589 patent. Specifically, Raylon alleged that the accused devices all literally met the “display being pivotally mounted on said housing” element because they each had “a display that is mounted on the housing and can be pivoted relative to the viewer’s or user’s angle of visual orientation.” J.A. 4223; J.A. 4912; J.A. 5768. In other words, under Raylon’s theory of infringement a display with a fixed-mounted screen meets the ‘pivotally mounted on said housing’ limitation when the user pivots the device by moving his elbow, wrist, or other joint.
In advance of the Markman hearing, both Raylon and defendants proposed constructions of, inter alia, “display being pivotally mounted on said housing,” “a printer assembly being mounted in said interior of said housing,” and “said housing having an elongated slot for selectively receiving the identification card.” Defendants also filed motions for Rule 11 sanctions in each suit. The district court consolidated the three suits for purposes of claim construction, summary judgment, and sanctions.
On December 2, 2010, the district court held a consolidated hearing. The only term construed was “display being pivotally mounted on said housing.” Raylon construed the term to mean “an electronic device attached to a housing for the visual presentation of information, the display capable of being moved or pivoted relative to the viewer’s perspective.” Defendants proposed various constructions, all of which excluded from “pivotally mounted” any displays that are fixed or incapable of pivoting.[1] The district court rejected Ray- *1366 Ion’s construction, noting that its citation to the specification did not support its overly broad claim construction such that its construction “streteh[es] the bounds of reasonableness beyond what I am willing to accept.” J.A. 3681. Accepting defendants’ construction, the district court granted summary judgment in their favor. The court concluded the hearing by denying defendants’ motions for Rule 11 sanctions.
The district court’s holdings were memorialized in later-issued orders. On March 9, 2011, the district court issued an order reflecting its denial of Rule 11 sanctions. In that order, the district court quoted the Fifth Circuit’s objective standard and stated that while “Raylon’s claim construction arguments and infringement theory do stretch the bounds of reasonableness, and the Court rejected Raylon’s positions, they do not cross the line.” J.A. 4. The court then analyzed Raylon’s settlements and damages model to determine whether Raylon filed suit to recover nuisance value settlements or whether the numbers were “indicative of the good faith nature with which the case is brought.” Id. It found Raylon’s proffered model “not large for a patent case,” suggesting that Raylon’s “earlier settlements were not so unreasonable as to indicate that Raylon believed its case was weak or frivolous.” Id. On this basis, the district court concluded that this was not a situation where “the cost of the litigation is more of a driving force than the merits of the patent-in-suit,” so it denied the motions without considering the merits of the suit. J.A. 6.
On March 23, 2011, the district court issued an order granting summary judgment of non-infringement in favor of defendants. Based on the court’s construction of the “pivotally mounted” term[2] and the fact that all the accused products have a fixed display screen, the district court held that none of the accused products literally infringe. The district court also found that the accused products’ fixed screens do not infringe under the doctrine of equivalents because the fixed screens do not perform substantially the same function in the same way to achieve the same result as a pivotally mounted display, and Raylon’s theory would read the “pivotally mounted” limitation out of the claims.
After final judgment was entered on March 23, 2011, defendants filed motions for attorneys’ fees and costs pursuant to 35 U.S.C. § 285, 28 U.S.C. § 1927, and the court’s inherent powers. In a joint order on October 31, 2011, the district court denied the motions. It found Raylon’s suits were not objectively baseless for the same reason it denied Rule 11 sanctions. The court also rejected defendants’ arguments that Raylon’s conduct in pursuing the baseless claims constituted litigation misconduct. The court similarly denied fees and costs under § 1927. On October 31, 2011, the court entered an amended final judgment. Defendants appeal.
Discussion
On appeal, defendants challenge the district court’s denial of Rule 11 sanctions and of attorneys’ fees. We address each issue in turn.
A. Rule 11 Sanctions
Rule 11 expressly requires that an attorney presenting a pleading, motion, or oth *1367 er paper before the court certify that he has performed “an inquiry reasonable under the circumstances” such that he can verify that (1) “it is not being presentéd for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation,” (2) “the claims ... are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law;” (3) “the factual contentions have evidentiary support or, ... will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.” Fed.R.Civ.P. 11(b)(1)-(3). As the 1993 advisory committee note explains, this rule “requires litigants to ‘stop-and-think’ before initially making legal or factual contentions.” Fed.R.Civ.P. 11 advisory committee note to 1993 amendments, 149 F.R.D. 401, 584-85. The notes explain that the changes to the rule “emphasize[ ] the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable.” Id.
In reviewing a district court’s decision to deny Rule 11 sanctions, we apply the law of the regional circuit. Eon-Net LP v. Flagstar Bancorp, 653 F.3d 1314, 1328 (Fed.Cir.2011). The Fifth Circuit reviews a denial of sanctions for an abuse of discretion. Whitehead v. Food Max of Miss., Inc., 332 F.3d 796, 802 (5th Cir. 2003) (en banc); see Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). A district court necessarily abused its discretion “ ‘if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.’ ” Whitehead, 332 F.3d 796 (quoting Cooter & Gell, 496 U.S. at 405, 110 S.Ct. 2447); Skidmore Energy, Inc. v. KPMG, 455 F.3d 564, 566 (5th Cir.2006) (“A district court abuses its discretion if it imposes sanctions based on (1) an erroneous view of the law or (2) a clearly erroneous assessment of the evidence.”).
Defendants argue that the denial of Rule 11 sanctions should be reversed because the district court abused its discretion in two regards. They argue that the district court applied the wrong standard — a subjective, rather than objective one — in evaluating Raylon’s conduct. Defendants argue that under the proper standard, Raylon’s claim construction and infringement contentions with regards to the “pivotally mounted” limitation (as well as others not addressed by the district court) were objectively unreasonable. Defendant Symbol also alleges that the district court abused its discretion by failing to consider some of its arguments. Specifically, Symbol argued that Raylon’s construction of a printer in “said housing” to include a printer in any housing, including an auxiliary housing, was frivolous; Symbol also argued that Raylon’s infringement allegations against its products, none of which contain a printer, were frivolous.
We agree with defendants. In the Fifth Circuit, when determining whether there was a Rule 11 violation, “the standard under which an attorney is measured is an objective, not subjective standard of reasonableness under the circumstances.” Whitehead, 332 F.3d at 803. The district court abused its discretion by evaluating Raylon’s conduct under a subjective standard.[3] See FDIC v. Maxxam, Inc., 523 F.3d 566, 580-81 (5th Cir.2008); Cooter & Gell, 496 U.S. at 405, 110 S.Ct. 2447. Specifically, the court evaluated Raylon’s dam *1368 ages model and early settlements to determine whether it brought its suits in good faith or merely to obtain nuisance value settlements. The court opined that “in some situations, a plaintiff asserting a large damages model while making very low offers in the case may indicate that the plaintiff realizes its case is very weak or even frivolous” and that the amount of damages “may be indicative of the good-faith nature with which the case is brought.” J.A. 4. It found Raylon’s damages model “not large for a patent case” such that “the earlier settlements were not so unreasonable as to indicate that Raylon believed its case was weak or frivolous.” Id. Based on these findings as to Raylon’s motives, the district court denied defendants’ motion. In its view, Rule 11 sanctions only apply “[w]here it is clear that a case lacks any credible infringement theory and has been brought only to coerce a nuisance value settlement.” J.A. 5 (emphasis added). But, this is not the proper standard. The Fifth Circuit “has been emphatic” that the Rule 11 analysis is a strictly objective inquiry and “expressly rejected any inquiries into the motivation behind a filing.” Maxxam, 523 F.3d at 580; Jenkins v. Methodist Hosp. of Dallas, 478 F.3d 255, 264 (5th Cir.2007). Thus, an evaluation of Raylon’s litigation motives— whether it brought suit in good faith or to obtain nuisance value settlements — contradicts Fifth Circuit law and has no place in the Rule 11 analysis. The district court denied Rule 11 sanctions through the lens of an erroneous view of the law, and thus abused its discretion. Skidmore, 455 F.3d at 566.
Applying the objectively reasonable standard, we agree with defendants that Raylon’s claim construction (and thus infringement contentions) were frivolous. Claim construction is a matter of law, so that an attorney’s proposed claim construction is subject to Rule ll(b)(2)’s requirement that all legal arguments be nonfrivolous. Antonious v. Spalding & Evenflo Cos., Inc., 275 F.3d 1066, 1071 (Fed.Cir.2002). Reasonable minds can differ as to claim construction positions and losing constructions can nevertheless be nonfrivolous. But, there is a threshold below which a claim construction is “so unreasonable that no reasonable litigant could believe it would succeed,” iLor, LLC v. Google, Inc., 631 F.3d 1372, 1378 (Fed. Cir.2011), and thus warrants Rule 11 sanctions.
Raylon’s claim construction of “display pivotally mounted on said housing” is a prime example of a construction that falls below this threshold. Raylon, throughout the litigation, argued that this term should be construed as requiring a “display being capable of being moved or pivoted relative to the viewer’s perspective.” J.A. 1477 (emphasis added). Its construction encompasses any portable device with a display, regardless of how it is mounted to the housing. See, e.g., J.A. 3671 (Raylon’s example of a device not covered by the claim term is “a printer with a fixed display” because a printer cannot be pivoted relative to the user). In support of this broad construction, Raylon relies on a single sentence in the specification. That sentence states: “Even still another object of the present invention is to provide a new identification investigating and ticket issuing system that permits a police officer to maintain visual contact of a stopped person while investigating whether the person has any warrants or suspended license.” '589 patent col.3 ll.42-46.
Neither this sentence nor any other intrinsic evidence supports Raylon’s position that the term “pivotally mounted” is relative to the user rather than to the device’s housing. Rather, each and every claim of *1369 the '589 patent requires a “display being pivotally mounted on said housing.” '589 patent col.7 ll.29-31; col.8 ll.55-57; col.9 ll.20-22 (emphasis added). Throughout the specification, the patentee describes the invention as containing a display that “is pivotally mounted on the housing.” Id. Abstract; col.1 ll.38-39; col.2 l.11; col.3 ll.29-30; col.5 ll.59-60. A display pivotally mounted on the housing is even identified by the patentee as one of the important features of the invention. Id. col.2 ll.14-16. Figure 1, the only schematic of the preferred embodiment, shows a display that is mounted to pivot relative to the housing on which it is attached. Furthermore, throughout the prosecution history, the patentee described the display as “pivotally mounted on said housing.” No other placement of the display relative to the housing is described in the patent or prosecution history. Thus, Raylon’s claim construction — that pivotally mounted only requires the display be pivotable relative to the user — is contrary to all the intrinsic evidence and does not conform to the standard canons of claim construction. J.A. 7025-26; see Q-Pharma, Inc. v. Andrew Jergens Co., 360 F.3d 1295, 1301 (Fed.Cir. 2004); cf. MarcTec, LLC v. Johnson & Johnson, 664 F.3d 907, 918 (Fed.Cir.2012) (finding a claim construction position objectively baseless where “no reasonable application of the principles enunciated in Phillips v. AWH Corp., 415 F.3d 1303 (Fed.Cir.2005) supports its position”). This is a clear instance where no objectively reasonable litigant, relying on the single sentence in the specification to support its position, would believe its claim construction could succeed; therefore, Raylon’s claim construction is frivolous and thus sanctionable under Rule 11(b)(2).[4]
In addition to the “pivotally mounted” limitation, defendants — in particular, Symbol — argued that several other of Raylon’s claim constructions were frivolous based on similar reasoning.[5] Despite the presence of these arguments in defendants’ Rule 11 briefs, claim construction briefs, and a motion for judgment on the pleadings, the district court failed to even touch on these terms in its Rule 11 analysis. The district court’s failure to consider these arguments was an abuse of discretion. Copeland v. Wasserstein, Perella & Co., 278 F.3d 472, 484-85 (5th Cir.2002) (“It is well settled that, to conduct our review, we must be able to understand the district court’s disposition of the sanctions motion.”); S. Bravo Sys., Inc. v. Containment Techs. Corp., 96 F.3d 1372, 1375 (Fed.Cir.1996) (“When the requesting party makes a strong showing that Rule 11 violations may have occurred, however, the district court should provide some explanation for disregarding the proffered showing.”); Refac Int’l Ltd. v. Hitachi, Ltd., 921 F.2d 1247, 1257 (Fed.Cir.1990). Raylon’s construction of “a printer assembly being mounted in said interior of said housing” is, if anything, even more unreasonable than the “pivotally mounted” con *1370 struction. The claims are clear that the housing has an interior, the display is pivotally mounted “on said housing,” and the printer assembly is mounted “in said interior of said housing.” The specification is completely consistent with the claims, explaining that an “object of the present invention” is to provide a system “which includes a housing that includes an interi- or.” Id. col.3 ll.17-19. The printer assembly, in turn, “is mounted in the interior of the housing.” Id. col.3 ll.30-33; see also col.1 ll.25-41; col.1 l.66-col.2 l.13; col.5 ll.66-67 (same). The only reasonable construction is that the printer is mounted inside and the display is mounted on the same housing.
Raylon’s attorney argued that claim construction “is kind of [an] arcane subject that gets ordinary lawyers like me in trouble a lot of times.” J.A. 14048. There is nothing arcane about the location of the printer assembly in the claimed invention. Raylon’s position that the printer could be in an entirely different housing from the rest of the components is objectively unreasonable and an independent violation of Rule 11 with respect to Symbol, whose products lack a printer entirely. On remand, the district court should weigh Raylon’s multiple frivolous arguments with respect to Symbol’s products when crafting an appropriate sanction.
When a party’s conduct violates Rule 11(b), the court may impose “an appropriate sanction.” Fed.R.Civ.P. 11(c)(2). Rule 11 sanctions “may be set at a level ‘sufficient to deter repetition of such conduct or comparable conduct by others similarly situated.’ ” Clinton v. Jones, 520 U.S. 681, 710 n. 42, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997) (quoting Fed.R.Civ.P. 11(c)(2)). Determining what sanctions, if any, to impose is initially a matter within the discretion of the district court. Judin v. United States, 110 F.3d 780, 785 (Fed.Cir.1997). We remand these cases for a determination of an appropriate sanction.
B. Attorneys’ Fees and Costs
Defendants argue that the district court improperly denied attorneys’ fees and costs under 35 U.S.C. § 285, and that these cases qualify as exceptional under the statute. A case is exceptional under § 285 if there has been some inappropriate conduct relating to the matter in litigation. Brooks Furniture Mfg., Inc. v. Dutailier Int’l, Inc., 393 F.3d 1378, 1381 (Fed.Cir.2005). Absent litigation misconduct or misconduct in securing the patent, a case is exceptional under § 285 if “(1) the litigation is brought in subjective bad faith, and (2) the litigation is objectively baseless.” Id. Similar to the evaluation under Rule 11, for litigation to be objectively baseless, the allegations “must be such that no reasonable litigant could reasonably expect success on the merits.” Dominant Semiconductors Sdn. Bhd. v. OSRAM GmbH, 524 F.3d 1254, 1260 (Fed. Cir.2008). The district court found that there was no litigation misconduct. In evaluating whether the cases were otherwise exceptional, the court relied exclusively on it Rule 11 order to find that the litigation was not “objectively baseless.” Since we reverse the district court’s holding with regards to a Rule 11 violation, the district court can no longer rely on its Rule 11 analysis to find the objectively baseless prong not met. We remand to the district court to reconsider, in light of our decision, whether these cases are exceptional under § 285.[6] In doing so, the *1371 court should consider all of Raylon’s conduct, including its assertions with regard to limitations other than “pivotally mounted,” as raised by defendant Symbol.
Conclusion
The district court abused its discretion in denying defendants’ Rule 11 motions. We reverse the district court’s holding that there was no Rule 11 violation and remand to the district court to determine, in the first instance, a proper sanction. Because the court’s evaluation of § 285 relied on its Rule 11 analysis, we vacate the district court’s denial of attorneys’ fees and costs, and remand for the court to reconsider defendants’ motions in light of our decision.
AFFIRMED-IN-PART, VACATED-IN-PART, AND REMANDED

. Defendant EZ Tag proposed a construction that requires the housing and display to not be in fixed positions. Defendants Casio, Complus, and Fujitsu construed the limitation *1366 as requiring the display to be mounted to the housing such that the housing and display are pivotal with respect to each other.

. As a result of the consolidated hearing, discussed above, the district court construed the "display being pivotally mounted on said housing” term as “the display must be mounted on the housing so that the display and housing may pivot with respect to each other.” J.A. 7029.

. The district court mentioned Raylon’s claim construction positions — stating "[w]hile Raylon’s claim construction arguments and infringement theory do stretch the bounds of reasonableness, and the [c]ourt rejected Ray-Ion's positions, they do not cross that line”— but provided no analysis or explanation for this conclusion.

. Raylon’s infringement contentions were based on its claim construction. Because we find Raylon's claim construction of “pivotally mounted” frivolous, we need not reach whether Raylon's infringement contentions serve as an independent basis for imposing Rule 11 sanctions.

. The limitations at issue were “a printer assembly being mounted in said interior of said housing” and “said housing having an elongated slot for selectively receiving the identification card.” Raylon construed these limitations as covering printer assemblies and elongated slots that were contained in any housing despite the use of "said” housing in the claims. Symbol argued that based on the claims' use of “said housing” and the specification, the claims require the printer assembly and elongated slot to be in the same housing as the other elements of the device.

. We leave the district court’s denial of attorneys’ fees and costs under 28 U.S.C. § 1927 undisturbed. Establishing attorney misconduct under § 1927 implicates a higher level of culpability than Rule 11, and defendants have not established that Raylon’s misconduct rises *1371 to the level required by § 1927. See Bryant v. Military Dep't of Miss., 597 F.3d 678, 694 (5th Cir.2010).