NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**XIAOHUA HUANG,**
*Plaintiff-Appellant*

**v.**

**MEDIATEK USA, INC., FKA NEPHOS INC.,**
*Defendant-Appellee*

_____

2020-1251

_____

Appeal from the United States District Court for the Northern District of California in No. 3:18-cv-06654-WHA, Judge William H. Alsup.

_____

Decided: June 3, 2020

_____

XIAOHUA HUANG, Los Gatos, CA, pro se.

JOHN HINTZ, Maynard, Cooper & Gale, PC, New York, NY, for defendant-appellee. Also represented by BRANDON H. STROY, San Francisco, CA.

_____

Before PROST, *Chief Judge,* REYNA and STOLL, *Circuit Judges.*

STOLL, *Circuit Judge*.

This appeal arises from an action for patent infringement. Xiaohua Huang accused MediaTek USA Inc., formerly known as Nephos Inc., of infringing certain claims of U.S. Patent Nos. 6,744,653 and 6,999,331, directed to ternary content addressable memory technology used in semiconductor chips. Mr. Huang challenges the district court's decision striking his infringement contentions and dismissing the action with prejudice based on Mr. Huang's repeated failures to comply with the Patent Local Rules of the U.S. District Court for the Northern District of California. Mr. Huang also challenges the district court's denial of his motion for sanctions, as well as his motion for a temporary restraining order and a preliminary injunction. Because the district court did not abuse its discretion in striking the contentions, dismissing the action, or denying Mr. Huang's motions, we affirm.

BACKGROUND

In his complaint, Mr. Huang alleged that MediaTek USA[1] directly and indirectly infringed the asserted '653 and '331 patent claims by making and selling chips that purportedly practice the claimed technology. Pursuant to Federal Rule of Civil Procedure 7.1, MediaTek USA filed a corporate disclosure statement stating that it was "wholly-owned, indirectly, by MediaTek, Inc. (located in Hsinchu City, Taiwan) through MediaTek Investment Singapore Pte. Ltd. and Gaintech Co. Limited" and was "100 percent owned by Gaintech Co. Limited." Nephos Inc.'s Corp. Disclosure Statement at 1, *Huang v. Nephos Inc.*, No. 18-06654 (N.D. Cal. Nov. 21, 2018), ECF No. 9.

---

[1] The complaint named Nephos as the sole defendant. After the lawsuit was filed, Nephos merged into MediaTek USA. Unless context requires otherwise, this opinion refers to the defendant-appellee as MediaTek USA.

Mr. Huang filed an objection to the corporate disclosure statement, contending that MediaTek USA had misrepresented its corporate ownership. MediaTek USA later included the contents of its corporate disclosure statement in its case management statement, to which Mr. Huang also objected.

Prior to the initial case management conference, Mr. Huang served his preliminary infringement contentions on MediaTek USA. MediaTek USA notified Mr. Huang that his contentions were premature and defective under the Patent Local Rules. During the initial case management conference, MediaTek USA informed the district court that Mr. Huang's contentions were inadequate. The district court warned Mr. Huang that he must provide infringement contentions that complied with the requirements of the Patent Local Rules or risk dismissal of his lawsuit. Thereafter, according to the district court, Mr. Huang served substantially the same infringement contentions. After MediaTek USA again informed Mr. Huang that his contentions were inadequate and offered him an opportunity to amend, Mr. Huang again served essentially the same infringement contentions. MediaTek USA then moved to strike Mr. Huang's third set of infringement contentions as noncompliant with the Patent Local Rules and dismiss the action with prejudice. Mr. Huang, for his part, moved for sanctions against MediaTek USA and its outside counsel under Federal Rule of Civil Procedure 11, based on their alleged misrepresentations regarding the corporate ownership of MediaTek USA.

The district court granted MediaTek USA's motion to strike, finding that Mr. Huang's third set of infringement contentions were deficient under Patent Local Rule 3-1. *Huang v. Nephos Inc.*, No. 18-06654, 2019 WL 2996432, at *1–5 (N.D. Cal. July 9, 2019). The district court allowed Mr. Huang "one last chance" to serve proper contentions, indicating that "no more amendments will be entertained and dismissal possibly with prejudice will be likely" if

Mr. Huang were to serve another set of defective contentions. *Id.* at \*5. The district court also denied Mr. Huang's motion for sanctions. *Id.* at \*6–8.

Following the district court's order, Mr. Huang served his fourth set of infringement contentions. MediaTek USA moved to strike the contentions as noncompliant with Patent Local Rule 3-1 and dismiss the action with prejudice. Shortly thereafter, Mr. Huang moved for a TRO and a preliminary injunction to block MediaTek USA from selling the accused products. The district court denied Mr. Huang's motion, finding that he "failed to establish, at the very least, a likelihood of irreparable harm." Order Denying Mot. for TRO and Prelim. Inj. at 1, *Huang v. Nephos Inc.*, No. 18-06654 (N.D. Cal. Aug. 30, 2019), ECF No. 68. The district court subsequently struck Mr. Huang's fourth set of infringement contentions and dismissed the action with prejudice. *Huang v. Nephos Inc.*, No. 18-06654, 2019 WL 5892988, at \*5 (N.D. Cal. Nov. 12, 2019).

Mr. Huang appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## DISCUSSION

Mr. Huang contends that the district court erred in striking his fourth set of infringement contentions as noncompliant with the Patent Local Rules. He also argues that the district court should have granted his motions for sanctions and injunctive relief. We discern no abuse of discretion in the district court's rulings.

## I

We first consider Mr. Huang's challenge to the district court's decision to strike Mr. Huang's contentions and dismiss the action based on his violations of Patent Local Rule 3-1. We review a district court's application of its local rules for an abuse of discretion. *Mortg. Grader, Inc. v. First Choice Loan Servs. Inc.*, 811 F.3d 1314, 1321

(Fed. Cir. 2016) (citing *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015)). "[T]his court gives broad deference to the trial court's application of local procedural rules in view of the trial court's need to control the parties and flow of litigation before it" and "so as not to frustrate local attempts to manage patent cases according to prescribed guidelines." *SanDisk Corp. v. Memorex Prods., Inc.*, 415 F.3d 1278, 1292 (Fed. Cir. 2005) (quoting *Genentech, Inc. v. Amgen, Inc.*, 289 F.3d 761, 774 (Fed. Cir. 2002)).

The district court properly exercised its discretion in striking Mr. Huang's contentions and dismissing the action with prejudice based on its finding that Mr. Huang repeatedly failed to serve contentions that complied with the Patent Local Rules. These local procedural rules of the U.S. District Court for the Northern District of California "require parties to state early in the litigation and with specificity their contentions with respect to infringement and invalidity." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1359 (Fed. Cir. 2006).

The district court found that Mr. Huang's fourth set of infringement contentions were deficient under Patent Local Rule 3-1. In particular, the district court found that the claim chart set forth in Mr. Huang's contentions did not "identify[] specifically where and how each limitation of each asserted claim is found within each Accused Instrumentality," as required by Patent Local Rule 3-1(c). *Huang*, 2019 WL 5892988, at *2–3 (alteration in original) (quoting N.D. Cal. Patent L.R. 3-1(c)). Specifically, Mr. Huang's chart did not provide the requisite "limitation-by-limitation analysis" tying the "specific feature[s] of an accused product to the claim language." *Id.* at *2. Instead, the contentions largely tied the claim limitations to his own figures in his patent specifications. The district court also found that the contentions provided only a general assertion of indirect infringement and thus lacked the specificity required by Patent Local Rule 3-1(d). *See* N.D. Cal. Patent

L.R. 3-1(d) (a party alleging indirect infringement must identify for each claim "any direct infringement" and describe "the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement"). The district court further found that the contentions did not comply with Patent Local Rule 3-1(e), which requires a party to identify "[w]hether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the Accused Instrumentality." N.D. Cal. Patent L.R. 3-1(e). Finally, the district court noted that Mr. Huang had been permitted to amend his contentions for a third time and had been warned on more than one occasion that deficient contentions could result in dismissal of the action.

On appeal, Mr. Huang contends that his contentions complied with Patent Local Rule 3-1 and should not have been stricken. For instance, he argues that because MediaTek USA engineers allegedly told him that the accused products were based on figures in the '653 and '331 patents, his claim chart only needed to show that the figures embody the claims to satisfy Patent Local Rule 3-1(c). But as the district court correctly observed, Patent Local Rule 3-1(c) expressly requires an identification of where and how each claim limitation is found in each "accused instrumentality," not in the patents' figures. We have considered Mr. Huang's other arguments, but we do not find them persuasive.

Given that Mr. Huang had four opportunities to serve proper contentions and yet failed to do so despite receiving multiple warnings and ample guidance from the district court, we conclude that the district court was well within its discretion to strike Mr. Huang's contentions and dismiss the action with prejudice.

II

We next consider Mr. Huang's challenge to the district court's denial of his motion for sanctions against MediaTek

USA and its outside counsel. "In reviewing a district court's decision to deny Rule 11 sanctions, we apply the law of the regional circuit." *Raylon, LLC v. Complus Data Innovations, Inc.*, 700 F.3d 1361, 1367 (Fed. Cir. 2012) (citing *Eon–Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1328 (Fed. Cir. 2011)). The Ninth Circuit reviews a denial of sanctions for an abuse of discretion. *Islamic Shura Council of S. Cal. v. FBI*, 757 F.3d 870, 872 (9th Cir. 2014) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990)). "A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id.* (quoting *Cooter & Gell*, 496 U.S. at 405).

We conclude that the district court did not abuse its discretion in holding that sanctions against MediaTek USA and its outside counsel were not warranted. Mr. Huang contends that MediaTek USA, through its counsel, misrepresented its corporate ownership in its court filings in violation of Rule 11. According to Mr. Huang, the district court ignored evidence that MediaTek USA was "owned by several Chinese governmental fund[s]." Appellant's Br. 22–23. He accuses MediaTek USA of "presenting false information" to "hide its ownership" and "cheat" Mr. Huang, the district court, and the public. *Id.* at 22.

We are unpersuaded by Mr. Huang's arguments. Based on the record before it, the district court found that MediaTek USA's outside counsel "based his filing upon information obtained from in-house counsel for MediaTek Inc., defendant's ultimate corporate parent." *Huang*, 2019 WL 2996432, at *6. The district court also found that after Mr. Huang objected to the corporate disclosure statement, MediaTek USA's outside counsel "received from defendant and sent to [Mr. Huang] certain documents such as defendant's 'Certificate of Incorporation,' 'Investor Representation Statement,' and 'Stock Issue Certificate' in order to verify to [Mr. Huang] his prior representations of defendant's ownership." *Id.* The district court further

found "no evidence that [MediaTek USA's outside counsel] acted in bad faith or otherwise violated his obligations under Rule 11 in his representations of defendant's ownership status." *Id.* Although Mr. Huang contends that he presented evidence to support his motion, the district court indicated that "those documents refer to 'Nephos (Hefei) Co. Ltd.'—a separate non-party to the instant action." *Id.* at *6 n.2. Mr. Huang has pointed to no evidence in the record suggesting that MediaTek USA's court filings were incorrect. Under these circumstances, we disagree with Mr. Huang that the district court's decision was based on a "clearly erroneous assessment of the evidence." *Islamic Shura Council*, 757 F.3d at 872 (quoting *Cooter & Gell*, 496 U.S. at 405).

## III

Finally, we turn to Mr. Huang's challenge to the district court's decision denying his motion for a TRO and a preliminary injunction. Both this court and the Ninth Circuit review the denial of a preliminary injunction for an abuse of discretion. *Metalcraft of Mayville, Inc. v. The Toro Co.*, 848 F.3d 1358, 1363 (Fed. Cir. 2017); *Nationwide Biweekly Admin., Inc. v. Owen*, 873 F.3d 716, 727 (9th Cir. 2017); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that the circuit court's "analysis is substantially identical for the injunction and the TRO"). "To obtain a preliminary injunction, a party must establish 'that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest.'" *Metalcraft*, 848 F.3d at 1363 (alterations in original) (quoting *Luminara Worldwide, LLC v. Liown Elecs. Co.*, 814 F.3d 1343, 1352 (Fed. Cir. 2016)).

We conclude that the district court did not abuse its discretion in denying Mr. Huang's motion for injunctive relief. Mr. Huang generally asserts that enjoining MediaTek

USA from selling its accused products is in the "public interest." Appellant's Br. 30–31; Reply Br. 20–21. But Mr. Huang has not asserted, let alone established, a likelihood of success or that he would likely suffer irreparable harm in the absence of an injunction. Indeed, beyond generally asserting the need to protect the public interest, Mr. Huang does not address the remaining three factors that a movant must establish to obtain injunctive relief. Accordingly, we are not persuaded that the district court abused its discretion in denying Mr. Huang's motion.

## CONCLUSION

For the foregoing reasons, we affirm the district court's decisions striking Mr. Huang's contentions, dismissing the action with prejudice, and denying Mr. Huang's motions for sanctions and injunctive relief.

## AFFIRMED

### COSTS

No costs.