NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FIREBLOK IP HOLDINGS, LLC,**
*Plaintiff-Appellant*

**v.**

**HILTI, INC.,**
*Defendant-Cross-Appellant*

---

2020-2095, 2020-2097

---

Appeals from the United States District Court for the Eastern District of Texas in No. 2:19-cv-00023-RWS-RSP, Judge Robert Schroeder, III.

---

Decided: May 10, 2021

---

NEIL A. BENCHELL, Devlin Law Firm, Wilmington, DE, argued for plaintiff-appellant. Also represented by TIMOTHY DEVLIN, NADIIA LOIZIDES.

RICARDO BONILLA, Fish & Richardson P.C., Dallas, TX, argued for defendant-cross-appellant. Also represented by NEIL J. MCNABNAY, AARON P. PIROUZNIA.

---

Before LOURIE, CLEVENGER, and HUGHES, *Circuit Judges.*

LOURIE, *Circuit Judge*.

FireBlok IP Holdings, LLC ("FireBlok") appeals from a decision of the United States District Court for the Eastern District of Texas granting Hilti, Inc.'s ("Hilti") motion for summary judgment of noninfringement. *See FireBlok IP Holdings, LLC v. Hilti, Inc.*, No. 2:19-cv-00023-RWS-RSP, 2020 WL 1899620 (E.D. Tex. Jan. 20, 2020) (the "*Report and Recommendation*"), *adopted by* No. 2:19-cv-00023-RWS-RSP, 2020 WL 948022 (E.D. Tex. Feb. 27, 2020) (the "*Order*"). Hilti cross-appeals from the court's decision denying Hilti's motions for attorney fees under 35 U.S.C. § 285 (the "Section 285 Motion") and sanctions under Fed. R. Civ. P. 11 (the "Rule 11 Motion"). *See FireBlok IP Holdings, LLC v. Hilti, Inc.*, No. 2:19-cv-00023-RWS-RSP, 2020 WL 3078038 (E.D. Tex. June 10, 2020) (the "*Memorandum Order*"). For the reasons set forth below, we *affirm* in all respects.

## BACKGROUND

In 2010, FireBlok's predecessor-in-interest Intumescent Technologies, LLC ("Intumescent") accused RectorSeal Corporation ("RectorSeal") of infringing U.S. Patent 6,252,167. The parties settled in 2011, and they entered into a license agreement (the "License") which provides that:

> 1.2  RectorSeal currently makes, uses and sells a fire rated pad for use in electrical boxes known as Box Guard as well as a fire rated gasket for use with electrical boxes known as Cover Guard or Metacaulk® Cover Guard. The term "RectorSeal Products" as used herein means the Box Guard and Cover Guard products of RectorSeal under these trade names or other trade names.

J.A. 103; *see Report and Recommendation* at *1–2.

> 4.4  Intumescent hereby grants to any person or entity purchasing or who has purchased a RectorSeal

> Product either directly from RectorSeal or through intermediary vendors, or subsequently obtains or uses such product, immunity from suit for infringement of the Intumescent Patents for its use or resale of such product.    No payment or royalty obligation shall be due from any person or entity under this paragraph.

J.A. 105; *see Report and Recommendation* at *1–2.

> 4.6  RectorSeal will mark RectorSeal Products with a label that states "U.S. Patent No. 6,252,167".  The labeling of RectorSeal Products set forth in this paragraph shall apply upon the exhaustion of inventory of labels and upon the reordering of labels for RectorSeal Products.

J.A. 105.

In 2019, FireBlok filed an infringement suit against Hilti, claiming that Hilti's Firestop Box Insert (the "Insert") infringes the '167 patent claims.  Hilti presented its License defense: that all of Hilti's Inserts are RectorSeal Products purchased from RectorSeal, so Hilti is "immune[e]" from suit per the License terms.  The district court determined that Hilti demonstrated that RectorSeal is its sole provider and that the Insert is the same as RectorSeal's Box Guard.  The court concluded that FireBlok failed to show that there is a genuine factual issue for trial and granted Hilti's motion for summary judgment of noninfringement.  *See Order* at *1.

Hilti filed a Section 285 Motion and a Rule 11 Motion, both of which the district court denied.  Regarding the Section 285 Motion, the court determined that FireBlok's belief that RectorSeal was not the sole supplier of the Insert was based on "more than pure conjecture," and FireBlok's conduct did "not rise to the level of exceptionality." *Memorandum Order* at *3–4.  The court explained that "missing information combined with the evidence FireBlok acquired

during its pre-suit investigation helps justify and explain FireBlok's belief and decision to file suit." *Id.* Regarding the Rule 11 Motion, the court determined that "FireBlok had a good faith basis for filing suit" and "Hilti has not proven that FireBlok filed this suit for any improper purpose." *Id.* at *5. FireBlok appealed, and Hilti cross-appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(5).

## DISCUSSION

### I. FIREBLOK'S APPEAL

The district court granted Hilti's motion for summary judgment. *See Order* at *6. When reviewing a court's grant of summary judgment, we apply the law of the regional circuit in which the court sits, here, the Fifth Circuit. *See Teva Pharm. Indus. v. AstraZeneca Pharms. LP*, 661 F.3d 1378, 1381 (Fed. Cir. 2011). The Fifth Circuit reviews a summary judgment decision *de novo*, "applying the same standard used by the district court." *United States v. Caremark, Inc.*, 634 F.3d 808, 814 (5th Cir. 2011). Summary judgment is appropriate when, construing the evidence and reasonable inferences in a light most favorable to the non-moving party, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Vuncannon v. United States*, 711 F.3d 536, 538 (5th Cir. 2013).

Fireblok argues that the district court erred by granting summary judgment of noninfringment. According to FireBlok, genuine disputes remain regarding the source and characteristics of Hilti's Inserts. FireBlok contends that gaps in Hilti's evidence leave open the possibility that an entity other than RectorSeal produced some of Hilti's Inserts. FireBlok also provided testing results comparing RectorSeal and Hilti products. FireBlok contends that those results show that Hilti's Inserts may not be identical to products covered by the License.

Based on evidence including a contract, invoices, and sales figures, Hilti asserts that RectorSeal manufactures all of Hilti's Inserts. Hilti argues that any gaps are due to clerical errors or simply a result of the manner in which RectorSeal and Hilti conducted business. Hilti also contends that product specifications and declarations confirm that its Inserts are the same as the RectorSeal products covered by the License.

We agree with Hilti that the district court did not err in granting summary judgment of noninfringement. As noted by the court, the central issue at summary judgment was whether Hilti's License defense precludes FireBlok's claim. Hilti provided evidence sufficient to show that Hilti only sells Inserts provided by RectorSeal. Although FireBlok disputes this fact, FireBlok failed to identify evidence supporting its contention that any of Hilti's Inserts are not supplied by RectorSeal. FireBlok's speculation about the source of the Inserts and FireBlok's inconclusive testing results fail to establish that there is a genuine dispute as to any material fact.

FireBlok also argues that Hilti is not entitled to claim a License defense because failure to mark Hilti's Inserts rendered the Inserts unlicensed. FireBlok first contends that the marking provision is a condition subsequent and failure to comply destroyed the parties' rights under the License. Second, FireBlok contends that the marking provision is an essential term of the License and that nonfulfillment constituted a material, anticipatory breach which destroyed the breaching party's rights through repudiation. In response, Hilti argues that the district court correctly determined that the License grant was not conditioned on the marking provision, *see Order* at \*5, and that RectorSeal did not refuse to mark the Inserts. Hilti also asserts that FireBlok waived its marking arguments by failing to timely raise the issue before the court.

We agree with Hilti that RectorSeal's and Hilti's failure to mark the Inserts did not render the Inserts unlicensed products, and thus that Hilti was not precluded from claiming a License defense. "Where the terms of a written contract are clear and unambiguous the court will look to the contract alone to find the intention of the parties." *Health Serv. Ctr. v. Boddy*, 359 S.E.2d 659, 661 (Ga. 1987). The terms of the License provisions at issue here are clear and unambiguous. We find no language of intent to make compliance with the marking provision a condition subsequent to the License grant. The License instead explicitly specifies the consideration provided by RectorSeal to Intumescent that was bargained in exchange for License grant. *See* J.A. 105 ¶¶ 4.1, 4.2, 4.3. That consideration principally consisted of payment, and that payment was rendered. Any non-occurrence of marking did not impact FireBlok's duty to license the '167 patent or RectorSeal's duty to pay, both of which have already been performed. Georgia law does not favor conditions remediable by forfeiture, *see* O.C.G.A. § 23-1-23, and there are no "express words of . . . forfeiture" in this marking provision. *See Fulton County v. Collum Properties*, 388 S.E.2d 916, 919 (Ga. Ct. App. 1989). We also construe the words employed in the License at ¶ 4.6 as words of covenant, not words of condition.

Regardless whether FireBlok's arguments that any failure to mark was a "material breach" or "anticipatory breach" were waived or not, these arguments are also not persuasive. Under Georgia law, an anticipatory breach of contract is an unqualified repudiation, which may be demonstrated by an absolute refusal to perform as obligated. *See, e.g.*, *J. M. Clayton Co. v. Martin*, 339 S.E.2d 280, 282 (Ga. Ct. App. 1985). "A breach which is incidental and subordinate to the main purpose of the contract, and which may be compensated in damages, does not warrant a rescission or termination nor does a mere breach of contract not so substantial and fundamental as to defeat the

object of the parties in making the agreement." *Mayor & City of Douglasville v. Hildebrand*, 333 S.E.2d 674, 676 (Ga. Ct. App. 1985) (internal citations omitted).

We therefore conclude that failure to mark the Inserts was not a material or anticipatory breach of this License. The object of the License was to settle litigation through a License grant in exchange for consideration. This object was not defeated by any deficient patent marking. Such deficient marking cannot be considered an anticipatory repudiation because neither RectorSeal nor Hilti absolutely refused to mark the Inserts. Hilti complied with the marking provision in 2017 once contacted by FireBlok concerning any failure to mark and after consultation with RectorSeal. *See Order* at *5. Accordingly, we hold that the district court correctly granted summary judgment in favor of Hilti.

## II. HILTI'S CROSS-APPEAL

### A. Section 285 Motion

The district court denied Hilti's Section 285 Motion. Section 285 of the Patent Act provides for award of attorney fees in "exceptional cases." The Supreme Court has explained that awards are for "the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1757 (2014). We review factual findings underlying an exceptional case determination for clear error, and we review a court's determination of whether a case is exceptional for an abuse of discretion. *See Gaymar Indus. v. Cincinnati Sub-Zero Prods.*, 790 F.3d 1369, 1372 (Fed. Cir. 2015).

Hilti argues in its cross-appeal that this case is exceptional because FireBlok's arguments were weak and frivolous. Hilti contends that FireBlok filed suit while in possession of sufficient evidence to know that its

infringement claims were meritless. FireBlok responds that Hilti presents the same arguments in support of both its motion for summary judgment and its Section 285 Motion.

We agree with FireBlok. "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Octane Fitness*, 134 S. Ct. at 1756. The strength of a party's litigation position is what is relevant to an exceptional case determination, not the correctness or success of that position. *See SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1348 (Fed. Cir. 2015) (citing *Octane Fitness*, 134 S. Ct. at 1756). A case is not exceptional solely because one party did not prevail. The court properly used the totality of the circumstances standard in evaluating whether this case was exceptional. *See Memorandum Order* at *3–4. The court determined that when the suit was filed, FireBlok held a mistaken belief that RectorSeal was not Hilti's sole Insert manufacturer, but that, before filing suit, FireBlok did not have all the necessary information or evidence to confirm the accuracy of Hilti's assertions. *See id.* at *4. The court found that FireBlok's litigation position did not rise to the level of exceptionality because FireBlok had an infringement theory that it could plausibly support with objectively reasonable factual and legal bases. *See id.* The court did not abuse its discretion in concluding that "this case does not represent one of those rare cases that stands out from others due to its unreasonableness." *See id.*

## B. Rule 11 Motion

The district court denied Hilti's Rule 11 Motion. "In reviewing a district court's decision to deny Rule 11 sanctions, we apply the law of the regional circuit." *Raylon, LLC v. Complus Data Innovations, Inc.*, 700 F.3d 1361, 1367 (Fed. Cir. 2012). "The Fifth Circuit reviews a denial of sanctions for an abuse of discretion." *Id.* (citing

*Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802 (5th Cir. 2003) (en banc)).  The standard under which an attorney is measured is an objective standard of reasonableness under the circumstances.  *See Whitehead*, 332 F.3d at 803.

Hilti asserts that the district court improperly denied its Rule 11 Motion.  Hilti argues that FireBlok's case was weak and frivolous and that FireBlok lacked a good faith basis for the allegations in its complaint.  In response, Fire-Blok argues that the court acted within its discretion in denying Hilti's motion.  FireBlok asserts that Hilti's Rule 11 Motion failed procedurally and substantively by failing to identify specific conduct that allegedly violates Rule 11.  *See* Fed. R. Civ. P. 11(c)(2).  The court properly evaluated FireBlok's conduct under an objective standard in determining that FireBlok had an objectively reasonable basis to pursue its claims based on the facts available to FireBlok before filing suit.  *See Memorandum Order* at *3, *5.  We discern no abuse of discretion in the court's analysis.

## CONCLUSION

We have considered FireBlok and Hilti's remaining arguments but find them unpersuasive.  For the reasons above, we *affirm* the district court's decision in all respects.

## **AFFIRMED**

### COSTS

No costs.