# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 25, 2012

Lyle W. Cayce
Clerk

No.12-40400
Summary Calendar

TROY LEE PERKINS,

Plaintiff-Appellant

v.

SHANDA Y. COLLINS, Polunsky Unit,

Defendant-Appellee

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 9:11-CV-199

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Troy Lee Perkins, Texas prisoner # 1480826, filed a form 42 U.S.C. § 1983 complaint against Officer Shanda Y. Collins raising various claims. On recommendation of the magistrate judge, and over objections by Perkins, the district court dismissed Perkins's complaint for failure to exhaust administrative remedies. The court also denied Perkins leave to proceed in forma pauperis (IFP) on appeal, certifying pursuant to 28 U.S.C. § 1915(a)(3) and Rule 24 of the Federal Rules of Appellate Procedure that the appeal was not taken in good

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

faith. Perkins filed a timely notice of appeal and now seeks leave from this court to proceed IFP.

By moving to proceed IFP in this court, Perkins has challenged the district court's certification decision. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry is whether "the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation omitted).

Although exhaustion is mandatory under the Prison Litigation Reform Act, the Supreme Court held in *Jones v. Bock*, 549 U.S. 199, 211-13 (2007), that exhaustion is an affirmative defense that must be pleaded by the defendant. Courts may not require that prisoners affirmatively plead or demonstrate exhaustion. *Id.* at 213-14, 216. A district court may still "dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust." *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007). However, courts may not sidestep *Jones* by local rule requiring prisoners to plead exhaustion. *Id.*

Here, the court relied on Perkins's response to Question III on a form complaint, which asked whether he had exhausted his administrative remedies. In the space provided to indicate "No," Perkins responded "N/A." Perkins's complaint is otherwise silent as to exhaustion. Reliance on information elicited by such a form complaint effectively put the onus on Perkins to affirmatively plead and demonstrate exhaustion, contrary to *Jones* and *Carbe*. *See Torns v. Miss. Dep't of Corrs.*, 301 F. App'x 386, 389 (5th Cir. 2008).

In addition, although he was not required to plead or demonstrate exhaustion, Perkins did file copies of grievance forms attached to a second set of objections to the magistrate judge's report and recommendation. Although the objections were received after the district court ruled, it appears that they were placed in the prison mail on or before an extension of time granted by the

magistrate judge expired. *See Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).

In light of the foregoing, we conclude that Perkins has shown that his appeal will present a nonfrivolous issue. Further, he has demonstrated the requisite financial eligibility. *See* § 1915(a). Therefore, we grant Perkins's motion to proceed IFP. We also conclude that further briefing is unnecessary. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1998).

IT IS ORDERED that the motion to proceed IFP on appeal is GRANTED; that the judgment of the district court is VACATED; and that this matter is REMANDED for further proceedings consistent with this opinion.