# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 4, 2013

Lyle W. Cayce
Clerk

No. 12-31097
Summary Calendar

DERRICK SCOTT,

Plaintiff-Appellant

v.

TERRY PORET; UNKNOWN RICHARDSON; UNKNOWN IRVIN; TRISH FOSTER,

Defendants-Appellees

Appeal from the United States District Court
For the Middle District of Louisiana
USDC No. 3:12-CV-346

Before DAVIS, BENAVIDES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Derrick Scott, Louisiana prisoner # 126372, filed a 42 U.S.C. § 1983 complaint alleging that several staff members at the Louisiana State Penitentiary had retaliated against him for filing grievances through the prison's Administrative Remedy Procedure program (ARP). Scott appeals the district court's sua sponte dismissal of his complaint based on a finding that

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-31097

he failed to exhaust his administrative remedies prior to filing his § 1983 complaint.

Pursuant to the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The PLRA's exhaustion requirement is mandatory, and unexhausted claims may not be brought in court.  *Jones v. Bock,* 549 U.S. 199, 211 (2007).  Generally, a prisoner's failure to exhaust administrative remedies is an affirmative defense under the PLRA and prisoners "are not required to specially plead or demonstrate exhaustion in their complaints."  *Id.* at 216.  However, we have interpreted *Jones* to allow a district court to sua sponte dismiss a case for failure to state a claim, predicated on failure to exhaust, "if the complaint itself makes clear that the prisoner failed to exhaust."  *Carbe v. Lappin,* 492 F.3d 325, 328 (5th Cir. 2007).

We note that Scott's § 1983 complaint admitted that he had not filed a Step 2 request.  However, Scott also made various arguments that his administrative remedies should be considered unavailable and deemed exhausted.  For example, he argued that prison officials deliberately ignored his Step 1 request or placed it in a "backlog" status.  *See Holloway v. Gunnell,* 685 F.2d 150, 154-55 (5th Cir. 1982).  In addition, the record does not contain a copy of the ARP procedures that the prison required inmates to follow, which is relevant to Scott's claim that officials failed to inform inmates that they could proceed with a Step 2 request if there was no timely response to their Step 1 request.  *See Torns v.  Miss. Dep't of Corr.,* 301 F. App'x 386, 389 & n.3 (5th Cir. 2008).

No. 12-31097

In sum, we conclude that Scott's failure to exhaust administrative remedies was not "clear" on the face of the complaint. Therefore, the district court's sua sponte dismissal is vacated and the matter is remanded to the district court for service on the defendants and subsequent proceedings.

VACATED AND REMANDED.