# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-31294

United States Court of Appeals
Fifth Circuit

**FILED**

November 25, 2014

Lyle W. Cayce
Clerk

JEFFERY JEROME FUSSELL,

Plaintiff-Appellant

v.

DARRELL VANNOY, Deputy Warden of Security,

Defendant-Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:13-CV-571

Before DENNIS, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jeffery Jerome Fussell is a prisoner in the Louisiana State Penitentiary in Angola serving a life sentence for second-degree murder. Fussell alleges that on April 28, 1989, while he was incarcerated, he stabbed another prisoner to death using a knife that a prison guard had given him. In state court, he pled guilty to manslaughter and was sentenced to 21 years of imprisonment. He was also, he alleges, placed in "extended lockdown" (*i.e.*, a form of solitary

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-31294

confinement)[1] and told that he would stay there until he disclosed to prison authorities the identity of the guard who gave him the knife he used in the killing.  Twenty-five years later and he is still in extended lockdown, he alleges. He never disclosed the guard's identity, he says, because he feared repercussions if he did.  He claims that the decades of extended lockdown have caused serious mental health issues, including suicidal tendencies.

Fussell, acting pro se, filed this lawsuit claiming, among other things, that the conditions of his extended lockdown violate the Eighth Amendment's prohibition on cruel and unusual punishment.  Before the defendant had been served with Fussel's complaint, the district court dismissed the case as "frivolous."  *See* 28 U.S.C. § 1915(e)(2); *Green v. McKaskle*, 788 F.2d 1116 (5th Cir. 1986).  Fussell appealed.

As an initial matter, Fussell's motion to proceed *in forma pauperis* in this appeal is GRANTED.  We now turn to the merits.

The conditions under which prisoners are confined are subject to scrutiny under the Eighth Amendment.  When prison conditions pose a "sufficiently serious" threat to a prisoner's health, including his mental health, and prison officials act with "deliberate indifference" to such threat, the officials violate the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Gates v. Cook*, 376 F.3d 323, 332-33 (5th Cir. 2004); *Harper v. Showers*, 174 F.3d 716, 719-20 (5th Cir. 1999).

Here, it is more than plausible that Fussell's decades of extended lockdown have caused the serious mental health problems he alleges, and it is

---

[1] For a description of extended lockdown at the Louisiana State Penitentiary, see *Wilkerson v. Stalder*, 639 F. Supp. 2d 654, 659-60 (M.D. La. 2007) (describing extended lockdown as encompassing 24-hour isolation and "additional restrictions on privileges generally available to inmates such as personal property, reading materials, access to legal resources, work, and visitation rights").

clear that such allegation is sufficiently serious to invoke Eighth Amendment concerns. *See Wilkerson v. Stalder*, 639 F. Supp. 2d 654, 679 (M.D. La. 2007) (holding that the plaintiffs had shown sufficient evidence to establish that decades of extended lockdown in the Louisiana State Penitentiary "results in serious deprivations of basic human needs"). It is also plausible that, after more than two decades of extended lockdown, prison authorities no longer have a real interest in Fussell disclosing, or a reasonable hope that he will disclose, the identity of the prison guard who gave him a knife more than 25 years ago. In other words, it is plausible that Fussell's continued lockdown is not a matter of reasonable policy judgment, but is instead deliberate indifference. *See Hope v. Pelzer*, 536 U.S. 730, 738 (2002) (holding that the plaintiff had alleged an "obvious" Eighth Amendment violation where prison officials subjected the plaintiff to a substantial risk of harm without legitimate justification).

Under the Eighth Amendment, "the length of confinement cannot be ignored in deciding whether confinement meets constitutional standards." *Hutto v. Finney*, 437 U.S. 678, 686-87 (1978); *see also Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987) ("[T]he duration of a prisoner's confinement in administrative segregation or under lockdown restrictions is certainly an important factor in evaluating whether the totality of the conditions of confinement constitute cruel and unusual punishment."); *Ruiz v. Johnson*, 37 F. Supp. 2d 855, 915 (S.D. Tex. 1999) (holding that confinement of mentally ill prisoners in administrative segregation for "extended periods of time" was unconstitutional), *rev'd on other grounds and remanded sub nom. Ruiz v. United States*, 243 F.3d 941 (5th Cir. 2001), *on remand, Ruiz v. Johnson*, 154 F. Supp. 2d 975, 984 (S.D. Tex. 2001) (holding the same). Fussell has alleged a plausible claim that his extended lockdown has reached the point of

constitutional infirmity.  The district court should not have dismissed this case on the pleadings.

The district court's dismissal of Fussell's Eighth Amendment claim is REVERSED.  To the extent that Fussell's complaint asserts other claims, the district court's dismissal is AFFIRMED.

The district court is DIRECTED to consider in the first instance whether, in light of our decision today, appointment of counsel is appropriate under 28 U.S.C. § 1915(e)(1) and *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982).