# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-51095

United States Court of Appeals
Fifth Circuit

**FILED**
June 11, 2015

Lyle W. Cayce
Clerk

LEE CANTWELL,

> Plaintiff - Appellant

v.

LEISA STERLING; DOCTOR  BAKER; SAMUEL MATTHEWS; PATRICK D. HAYNES; MONICA A. HOWARD; WARDEN EDGAR D. BAKER,

> Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas

Before DENNIS, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:

Lee Cantwell is a Texas prisoner who claims in this case that prison officials were deliberately indifferent to his serious medical needs, causing him injury and violating his constitutional rights.  The defendants moved for summary judgment, contending that Cantwell failed to satisfy the statutory prerequisite under the Prison Litigation Reform Act of exhausting available administrative remedies prior to filing suit.  *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are

available are exhausted."). The district court granted the motion, and Cantwell appealed.

For the following reasons, Cantwell's appeal is not frivolous, and his motion to proceed *in forma pauperis* is therefore GRANTED. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). We conclude that further briefing is unnecessary and now turn to the merits. *See Fussell v. Vannoy*, 584 F. App'x 270, 271 (5th Cir. 2014) (unpublished); *Perkins v. Collins*, 482 F. App'x 959, 960 (5th Cir. 2012) (unpublished).

Exhaustion is an affirmative defense; the defendants have the burden of proving that the plaintiff failed to exhaust available administrative remedies. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). Here, it is undisputed that Texas prisons have a two-step grievance process. Cantwell says that he filed a step-one grievance with prison authorities but never received a response. Because there was no response, he says, he did not proceed to the second step.[1] The question for us is whether these circumstances suffice for exhaustion. But we cannot decide that issue on the present record.

Exhaustion is defined by the prison's grievance procedures, and courts neither may add to nor subtract from them. *Jones*, 549 U.S. at 218 ("[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001) ("Nothing in the Prison Litigation Reform Act, however, prescribes appropriate

---

[1] The district court dismissed Cantwell's testimony because, as the court saw it, his allegations of filing a grievance and not receiving a response were "nothing more than conclusory or unsupported assertions." That was error. The ordinary rules of civil procedure are applicable in prisoner suits. Cantwell offered his testimony under penalty of perjury and declared it to be true and correct, so it must be credited on summary judgment. *See Leggett v. Lafayette*, No. 14-10247, ___ F. App'x ___, ___, 2015 WL 1609145, at *2 (5th Cir. Apr. 10, 2015) (unpublished) (citing *Ion v. Chevron USA, Inc.,* 731 F.3d 379, 382 n.2 (5th Cir. 2013)).

grievance procedures or enables judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems."); *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010) ("[T]he prison's procedural requirements define the steps necessary for exhaustion."). Here, however, we do not know what the applicable grievance procedures—those used in Cantwell's facility during the time period involved in this case—were. They are nowhere in the record because the defendants never introduced them as evidence. Texas does put its grievance procedures on its website, though, Tex. Dep't of Criminal Justice, Offender Orientation Handbook, *available at* http://www.tdcj.state.tx.us/documents/Offender_Orientation_Handbook_Engli sh.pdf (last visited June 10, 2015), and we may take judicial notice of the state's website. *See Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir. 2005). The procedures on the website, however, are dated January 2015, and the events involved in this case took place years prior. We have no evidence of whether the procedures were the same during the relevant time, so the state's website is of no help here. In short, the defendants have not put before the district court or this court the applicable grievance procedures (and we stress *applicable*—the ones in force at the relevant time, in the relevant place).

Without knowing what the applicable grievance procedures say, it's impossible to determine whether Cantwell exhausted them. *See Scott v. Poret*, 548 F. App'x 160, 160 (5th Cir. 2013) (unpublished); *Torns v. Miss. Dep't of Corr.*, 301 F. App'x 386, 389 n.3 (5th Cir. 2008) (unpublished). The defendants had the burden to establish that there were available procedures that Cantwell did not exhaust, and the district court erred in not holding them to it.[2]

---

[2] In *Wilson v. Epps*, 776 F.3d 296 (5th Cir. 2015), the plaintiff contended that the prison's failure to respond to his initial grievance excused him from further steps in the process. *Id.* at 301. We explained that "[t]his argument deserves close[] scrutiny, because, under some circumstances, a prison's failure to respond to a prisoner's grievance can result in the prisoner's administrative remedies being deemed exhausted." *Id.* The relevant

No. 14-51095

The district court's summary judgment is REVERSED. The case is REMANDED for further proceedings.

---

circumstances, we explained, are the requirements of the prison's grievance procedures. The grievance procedures at issue in *Wilson* stated that if a prisoner does not receive a response to his grievance, the prisoner is "entitled"—and therefore, to exhaust, *must*—"move on to the next step in the process." *Id.* (quoting grievance procedures). By contrast, in *Underwood v. Wilson*, 151 F.3d 292 (5th Cir. 1998), *overruled on other grounds as explained in Gonzalez v. Seal*, 702 F.3d 785 (5th Cir. 2012), we held that when a prison's procedures prescribe deadlines by which the authorities must respond to grievances and do not set out any additional steps that prisoners must take upon that time elapsing, then prisoners in such circumstances have exhausted the available procedures. *Id.* at 295. Whether this case is in line with *Wilson* on the one hand, *Underwood* on the other, or presents other circumstances yet, we cannot say without the applicable grievance procedures before us.