# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 11, 2021

Lyle W. Cayce
Clerk

No. 20-40254

ANTHONY PRESCOTT,

*Plaintiff—Appellant*,

*versus*

PLYBOL, CORPORAL, *Denton County Sheriff Department*; GAUGE, CORPORAL, *Denton County Sheriff Department*; VON, *Deputy, Denton County Sheriff Department*; KILLSHAW, *Deputy Sheriff, Denton County Sheriff Department*; RICHIE, *Deputy, Denton County Sheriff Department*; CHRIS WATTS, *Mayor, City of Denton;* DENTON COUNTY STATE MUNICIPAL CORPORATION; HUGH COLEMAN, *Denton County Commissioner*; BOBBIE MITCHELL, *Denton County Commissioner*; ANDY EADS, *Denton County Commissioner;* SARA BAGHERI, *Councilwoman, City of Denton, TX*; KELLY BRIGGS, *Councilwoman, City of Denton, TX*; DALTON GREGORY, *Councilman, City of Denton, TX*; GERARD HUDSPETH, *Councilman, City of Denton, TX*; KATHLEEN WAUZY, *Councilwoman, City of Denton, TX*; TODD HILEMAN, *City Manager, Denton, TX*; MARY COCHRAN, *Chief Administrator, Denton Sheriff Department*; MIKE GANZER, *Jail Administrator, Denton County Sheriff Department;* WILLIAM TRAVIS, *Previous Sheriff, Denton County*; TRACY MURPHEE, *Sheriff, Denton County*; ORLANDO HINOJOSA, *Lieutenant of Communications, Denton County Sheriff Department*; RICH, *Captain, Sheriff Department Chain of Command Member*; FLANNAGAN, *Captain, Sheriff Department Chain of Command Member*; HARGROVE, *Sergeant, Denton County Sheriff Department*; CORDELL, *Sergeant, Mail Department Sup. Officer of Sheriff Department*; FARVIE, *Deputy, Denton County Sheriff Department*; KELLY WHITMOOR, *Sheriff Department Officer*; TUT, *Captain of Department, Chain of Command Member*; LIEUTENANT JOHN DOE, *Sergeant Hargrove's unknown immediate supervisor*; WILLIAMS,

No. 20-40254

*Sergeant*, *Denton County Sheriff Department*; JOHN DOE, *Unknown Sheriff Department officer*; JOHN DOE, *Sheriff Department maintenance worker*; JOHN DOE, *Sheriff Department Officer*; VYBARRAR, *Sheriff Deputy*; JOHN DOE, *Unknown Sheriff Deputy*; JOHN DOE, *Unknown Sheriff Department medical staff member*,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:16-CV-879

---

Before JONES, DUNCAN, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Anthony Prescott, then an inmate incarcerated in the Denton County Jail, filed a lawsuit under 42 U.S.C. § 1983, claiming several violations of his civil rights. After many of his claims were severed and transferred to other judicial districts in Texas, Prescott was left with various § 1983 claims against Denton County, the Denton County Sheriff's Department, and several of their officers and employees. The defendants sought dismissal under Federal Rule of Civil Procedure 12(b)(6), on the ground that, inter alia, Prescott had failed to satisfy the statutory prerequisite under the Prisoner Litigation Reform Act of exhausting available administrative remedies prior to filing suit. *See* 42 U.S.C. § 1997e(a). The district court ultimately dismissed Prescott's lawsuit without prejudice for failure to exhaust.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-40254

For the reasons that follow, we hold that Prescott's appeal is not frivolous, and his motion to proceed in forma pauperis is therefore GRANTED. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). We further conclude that further briefing is unnecessary and turn to the merits. *See Cantwell v. Sterling*, 788 F.3d 507, 509 (5th Cir. 2015).

As a preliminary matter, we find that Prescott has abandoned any challenge to the district court's dismissal without prejudice of his claims against the seven individual defendants to whom service of Prescott's complaint could not be effected. *See Brinkmann v. Dallas Cnty. Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1983). Accordingly, the district court's dismissal of those claims is AFFIRMED.

Regarding the district court's dismissal of Prescott's complaint for failure to exhaust, our review is de novo. *Carbe v. Lappin*, 492 F.3d 325, 327 (5th Cir. 2007). Exhaustion is an affirmative defense, and the defendants have the burden of proving that the plaintiff failed to exhaust available administrative remedies. *Jones v. Bock*, 549 U.S. 199, 216 (2007). "Exhaustion is defined by the prison's grievance procedures, and courts neither may add to nor subtract from them." *Cantwell*, 788 F.3d at 509.

In this case, we cannot discern from the record the grievance procedures employed by the Denton County Jail during the span of time that Prescott was incarcerated there and the events giving rise to his claims occurred. The defendants never introduced the procedures as evidence. Furthermore, while the current Denton County Jail Inmate Handbook is available online, it discusses the applicable grievance procedures,[1] and we can

---

[1] *See* https://www.dentoncounty.gov/DocumentCenter/View/4683/Inmate-Handbook-PDF.

take judicial notice of the handbook, the handbook was revised as of June 2021, and "the events involved in this case took place years prior." *Cantwell*, 788 F.3d at 509.  Thus, there is "no evidence of whether the procedures were the same during the relevant time," and the online version of the handbook is "of no help here." *Id.*  Additionally, the defendants put forth no evidence showing that the applicable procedures were explained to Prescott or that he was aware of them.  *See Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010).

In sum, the defendants submitted no evidence to the district court or this court regarding the Denton County Jail's grievance procedures, and "[w]ithout knowing what the applicable grievance procedures say, it's impossible to determine whether [Prescott] exhausted them."  *Cantwell*, 788 F.3d at 509.  Accordingly, we hold that the district court erred in dismissing Prescott's complaint for failure to exhaust, its judgment is REVERSED in part and AFFIRMED in part, and the case is REMANDED for further proceedings.  *See id.*