# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 25, 2021

Lyle W. Cayce
Clerk

No. 20-10431
Summary Calendar

Daniel Armondo Trojanowski,

*Plaintiff—Appellant*,

*versus*

Fidel Vasquez,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CV-2

Before Barksdale, Willett, and Duncan, *Circuit Judges*.

Per Curiam:*

Daniel Armando Trojanowski, Texas prisoner # 2278896, filed this action pursuant to 42 U.S.C. § 1983 against Tarrant County prison officials. He claimed:  Officer Vasquez failed to intervene in an inmate-on-inmate assault committed against him; and the Sheriff, an unnamed captain, and

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

another defendant were connected to a cover-up of the assault and prevented him from exhausting his administrative remedies. Proceeding *pro se*, he appeals the dismissal of his claims.

In February 2020, the court dismissed Trojanowski's claims against the latter three defendants, pursuant to 28 U.S.C. § 1915A(b), for failure to state a claim, entering a final judgment against the claims after concluding there was no just reason for delay. That April, the court granted Officer Vasquez' summary-judgment motion against Trojanowski's claims against Vasquez, concluding: Trojanowski failed to exhaust his administrative remedies; and the officer was entitled to qualified immunity.

Trojanowski appealed in April. He contends: the court improperly rendered summary judgment, including by not issuing a scheduling order and allowing him to conduct discovery before ruling; and the court's February dismissal of his claims against the other three defendants is reviewable on appeal.

Assuming Trojanowski's claims against Officer Vasquez are adequately briefed, a dismissal for failure to exhaust is reviewed *de novo*. *Carbe v. Lappin*, 492 F.3d 325, 327 (5th Cir. 2007). Exhaustion is an affirmative defense; defendant bears the burden of proving plaintiff failed to exhaust available administrative remedies. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *see also Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016) (noting prisoner required to exhaust only *available* administrative remedies). "Exhaustion is defined by the prison's grievance procedures, and courts neither may add to nor subtract from them." *Cantwell v. Sterling*, 788 F.3d 507, 509 (5th Cir. 2015).

Officer Vasquez presented ample and uncontroverted evidence for summary-judgment purposes on whether Trojanowski failed to exhaust his administrative remedies. He received a copy of the prison's regulations,

detailing the applicable grievance procedure; he used this procedure several times before, and after, his assault to challenge other conditions of his incarceration; there is no evidence of a grievance filed against the officer; and Trojanowski fails to show these procedures were unavailable to him.

To the extent Trojanowski contends the court erred in rendering summary judgment before issuing a scheduling order and allowing him to conduct discovery, our court lacks jurisdiction to review these issues because they are raised for the first time on appeal. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) (stating as general rule our court "does not review issues raised for the first time on appeal"); *see also EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (noting *pro se* litigants required to abide by federal court rules, including those governing presentation of summary-judgment evidence).

Our court also lacks jurisdiction to consider Trojanowski's claims against the remaining defendants. The February 2020 dismissal of these claims constituted a partial final judgment. *See* Fed. R. Civ. P. 54(b) (judgment on multiple claims or involving multiple parties); *Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters., Inc.*, 170 F.3d 536, 539-41 (5th Cir. 1999) (analyzing whether partial judgment was final). A timely notice of appeal is a jurisdictional prerequisite. *See* 28 U.S.C. § 2107(a) (statutorily imposing 30-day time limit to appeal); *Hamer v. Neighborhood Hous. Servs. of Chicago*, 138 S. Ct. 13, 16-17 (2017) (explaining "appeal filing deadline prescribed by statute . . . regarded as 'jurisdictional'"). Trojanowski filed his notice of appeal in April, and even assuming the notice can be read to include all defendants and the February judgment, it was untimely for that judgment. *See* Fed. R. App. P. 4(a)(1)(A) (prescribing 30-day time limit); *see also*

No. 20-10431

FED. R. APP. P. 3(c)(1)(B) (requiring notice of appeal to designate judgment being appealed).

DISMISSED in part; AFFIRMED in part.