# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 9, 2022

Lyle W. Cayce
Clerk

No. 20-50666

Troy Daniel Thoele,

*Plaintiff—Appellant*,

*versus*

Bryan Collier, *in his official capacity as TDCJ Executive Director*; Doctor Lanette Linthicum, *In her official capacity as TDCJ Health Services Director*; Warden Deborah Cockerall, *in her official capacity as Warden of Boyd Unit*; Texas Department of Criminal Justice; University of Texas Medical Branch,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:20-CV-364

Before Smith, Costa, and Wilson, *Circuit Judges*.

Per Curiam:*

Troy Daniel Thoele sued the Texas Department of Criminal Justice and several of its officials over prison conditions during the COVID-19

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

pandemic. The district court dismissed the suit because Thoele failed to exhaust his administrative remedies under the Prisoner Litigation Reform Act (PLRA). We AFFIRM.

I

In early May 2020, Thoele and three other inmates—Gregory Boone, Matthew Hansberger, and Ruben Ybanez—sued the individuals and entities (collectively, TDCJ) responsible for ensuring the health and safety of the inmates at their unit. The complaint alleges they suffer from pre-existing medical conditions that heighten the risk of severe illness or death from COVID-19. It claims that TDCJ failed to provide reasonable accommodations for their comorbidities and take other precautions against the COVID-19 pandemic and, in so doing, violated their rights under the Eighth and Fourteenth Amendments, the Americans with Disabilities Act, and the Rehabilitation Act.

The next month, the inmates filed a "Memorandum On PLRA Exhaustion." The Memorandum details the PLRA's requirement that an inmate exhaust all available administrative remedies before filing suit in federal court. It outlines the TDCJ's two-step grievance procedure, which includes "a 'Step 1 Grievance' filed at the unit level[] and a 'Step 2 Grievance' filed at the regional level if an inmate is not satisfied with the Step 1 Response." The inmates admitted that Thoele (the only inmate who filed a related Step 1 grievance) did not submit a Step 2 grievance until May 20, 2020—several weeks after the inmates filed their complaint in district court. They contended, however, that they were not obligated to complete the grievance process because COVID-19 placed them in imminent danger and the TDCJ's administrative procedures would not provide timely relief.

TDCJ moved to dismiss the inmates' complaint, asserting, among other things, that Thoele's claims were unexhausted and thus barred under the PLRA. TDCJ attached as exhibits the inmates' authenticated grievance records, including Thoele's Step 1 grievance and TDCJ's timely response.

The inmates filed an opposition to TDCJ's motion, in which they again asserted that the PLRA did not require exhaustion because the TDCJ's administrative remedies were unavailable.

The district court granted TDCJ's motion. The court held that TDCJ's grievance process was "available" for complaints about COVID-19. And, in light of the inmates' admission that Thoele had failed to exhaust that process, the court dismissed the inmates' claims.

II

We review a district court's determination that a plaintiff failed to exhaust his administrative remedies de novo. *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017).

Although the PLRA requires exhaustion, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Exhaustion is an affirmative defense, which "must be asserted by the defendant." *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007). A failure to exhaust can be grounds for dismissal as a matter of law. *Jones*, 549 U.S. at 215–16. But, as with other affirmative defenses, dismissal is only appropriate at the Rule 12(b)(6) stage if the inmate's failure to exhaust appears on the face of the pleadings. *See id.*; *Basic Cap. Mgmt. v. Dynex Cap., Inc.*, 976 F.3d 585, 588 (5th Cir. 2020). If instead an exhaustion defense turns on "matters outside the pleadings"—and Thoele argues his Memorandum was an outside matter—a motion to dismiss "must be treated as one for summary judgment under Rule 56." *See* Fed R. Civ. P. 12(d). "We have held that an appellate court can assume that a district court implicitly converted a dismissal to a summary judgment when it considered material outside of the complaint." *Muhammad v. Wiles*, 841 F. App'x 681, 684 (5th Cir. 2021).

We thus will view the exhaustion ruling through the summary judgment standard. *Trinity Marine Prods., Inc. v. United States*, 812 F.3d 481, 487 (5th Cir. 2016).

As an initial matter, Thoele contends that TDCJ's motion was premature because he was not properly notified and, therefore, did not have an opportunity to respond to TDCJ's exhaustion argument. We disagree. Thoele understood from the beginning that the state would assert failure to exhaust. Thoele admits that the complaint's failure to mention exhaustion or TDCJ's grievance process "was intentional." The inmates then filed their "Memorandum On PLRA Exhaustion," detailing Thoele's current status in the grievance process and contending that TDCJ's administrative remedies were not "available" under the relevant caselaw. A month after that, the inmates filed a response to TDCJ's motion to dismiss, citing the same evidence and reiterating the same "availability" arguments made in the Memorandum.

Even if there were a notice problem, remand would be warranted only if Thoele points us to evidence that would create a genuine dispute of material fact. *Atkins v. Salazar*, 677 F.3d 667, 678 (5th Cir. 2011). But there is no dispute—indeed it is admitted—that Thoele did not exhaust before suing.

That undisputed failure to exhaust resolves this case. Prisoners must exhaust "such administrative remedies as are available" before challenging prison conditions under section 1983 "or any other Federal law." 42 U.S.C. § 1997e(a). The exhaustion requirement applies "irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). The "one significant qualifier" to the PLRA's exhaustion mandate is that administrative "remedies must indeed be 'available' to the prisoner." *Ross v. Blake*, 578 U.S. 632, 639 (2016).

To prove this affirmative defense, TDCJ must show that (1) administrative remedies were available and (2) Thoele failed to exhaust

them. *Cantwell v. Sterling*, 788 F.3d 507, 508–09 (5th Cir. 2015) (per curiam). Thoele admitted that he did not exhaust, so the only dispute is about the first requirement.

There are "circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief." *Ross*, 578 U.S. at 643. One situation is when the grievance process "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief." *Id.* Thoele invokes that exception, arguing that TDCJ's administrative procedure is too slow and inadequate to ensure the health and welfare of inmates in the context of the COVID-19 pandemic.

*Valentine v. Collier*, 978 F.3d 154 (5th Cir. 2020), rejects Thoele's argument. That case from the early days of the COVID-19 pandemic considered TDCJ's motion to stay an injunction directing its response to the virus. In granting the stay, we held that the claims asserted in the prisoners' complaint were unexhausted. *Id.* at 158. In reaching that holding, we determined that the PLRA required exhaustion because TDCJ's grievance procedures were available. *Id.* at 161. Although TDCJ conceded that its grievance process was inadequate in light of COVID-19, we explained that inadequacy is not synonymous with unavailability. *Id.* Under the PLRA, courts are precluded from deciding whether requiring full "exhaustion would be unjust or inappropriate in a given case." *Id.* at 162 (quoting *Ross*, 578 U.S. at 641). Because TDCJ's conduct showed "that it was capable of providing 'some relief'" through the grievance process, that process was still available to the prisoners and thus mandatory under the PLRA. *Id.* (quoting *Ross*, 578 U.S. at 642). It did not matter that "TDCJ's grievance process was lengthy and unlikely to provide necessary COVID-19 relief." *Id. Valentine* stated that "emergencies are not 'license to carve out new exceptions to the PLRA's exhaustion requirement, an area where our authority is constrained.'" *Id.* at 161 (quoting *Dillon v. Rogers*, 596 F.3d 260, 270 (5th Cir. 2010)).

Thoele recognizes *Valentine* as the "sister case" to this dispute. He complains, however, that the inmates in *Valentine* were afforded extensive discovery and an eighteen-day trial, while his claims were dismissed without similar due process. But discovery could not help Thoele overcome TDCJ's exhaustion defense. So long as the TDCJ's administrative procedure grants "authority to take *some* action in response to a complaint," that procedure is considered available, even if it cannot provide the particular "remedial action an inmate demands." *See Booth*, 532 U.S. at 736, 741 (emphasis added). Considering all the evidence in the light most favorable to Thoele, TDCJ's written response to Thoele's Step 1 grievance shows that TDCJ's grievance process could provide at least some relief to Thoele.[1] That process may have been "suboptimal." *See Valentine*, 978 F.3d at 162. "But it was available" as a matter of law and thus, Thoele was "required to exhaust it before bringing this suit." *Id.*

\*\*\*

The judgment is AFFIRMED.

---

[1] For example, TDCJ's response indicates that it addressed inmates' pandemic concerns by, among other things, (1) issuing face masks to all inmates, (2) providing them with bleach on a bi-weekly basis, (3) making extra soap available upon request, and (4) engaging a "special cleaning crew" to sterilize common areas.